# STATE v. JOHN HARRISON.

## MAY TERM, 1894.

*Evidence.   State does not give witness credit by producing
him.   Charge of Court.   Excepting party must
request fuller instructions.*

1.   On an indictment for burglary the testimony of one who has
pleaded guilty of the same offence is admissible to prove
the fact of the breaking and entering and the larceny of
certain goods, although the witness also states that the
crime was committed by himself and that the respondent
was not present and participating.

2.   The state may show by the officer making the arrest that of
the property stolen a part was found upon the person of the
one who has pleaded guilty and the balance upon the re-
spondent, for this tends to connect the respondent with the
crime.

3.   The state does not give credence to a witness by introducing
him, for it is the duty of the prosecution to produce all
witnesses having knowledge of the transaction, and it may
claim for his testimony that a part is true and the rest false,
according as the jury shall find upon all the evidence.

4.   Where the court has charged correctly upon a given point, no
exception will lie to the failure to give fuller instructions
unless the court was so requested by the excepting party.

This was an indictment for burglary.   Plea, not guilty.
Trial by jury at the February term, 1894, Orleans county,
ROWELL, J., presiding.   Verdict, guilty.   The respondent
excepts.

The indictment was a joint one against the respondent
and three others.   One of the others was acquitted by order
of the court.   Two of them pleaded guilty before the trial

of the respondent. These two were improved as witnesses by the state and testified in substance that they had come with the respondent up the line of the Boston & Maine railroad from White River Junction; that at South Barton the respondent separated from them, going on ahead and promising to rejoin them at Barton; that they afterwards proceeded to Barton, committed the burglary, and still later at about eight o'clock in the evening found the respondent near the depot in Barton, and from there went with him towards Newport about twelve miles to a barn where they spent the night; that in the morning they went on to Sherbrooke, Canada, where they were arrested. They testified that the respondent was not present and did not advise or assist in the commission of the crime; and that at the barn where the three passed the night they had given the respondent two shirts, which were a part of the property stolen.

These shirts were found upon the person of the respondent when he was arrested at Sherbrooke. One Moe, who assisted in the arrest, testified for the state that the respondent said he had obtained the shirts between Newport and Sherbrooke. Upon the effect of this testimony the court instructed the jury as follows:

"One of the gentlemen from Canada, I think Mr. Moe, testifies that this respondent, when telling about the shirts taken from him, told him that he obtained those shirts between this place and that, without saying where. The respondent Roderick testifies that the shirt was given to Harrison south of here in that barn. If you are satisfied beyond a reasonable doubt that this respondent did tell Mr. Moe that he obtained these shirts between this place and Sherbrooke, and are satisfied that that was not true, and that he obtained the shirts as the respondent Roderick says he obtained them, and find that this respondent falsified in respect to when and where he got the shirts, then that falsification is evidence tending to show guilty knowledge on his part, and it is evidence, with the other circumstances in the case, tending to show that he is guilty of the crime with which he

stands charged. The mere possession of these shirts, although they were stolen property, is not sufficient of itself to convict him of a crime; but if you are satisfied, as I say, beyond a reasonable doubt, that he falsified about the time, and place, and manner in which he became thus possessed of the shirts, that is evidence tending to show his guilt."

To the admission of the evidence of the two co-respondents who pleaded guilty, and of Moe, as above, and to the foregoing charge of the court, the respondent excepted. The respondent also excepted to the refusal of the court to direct a verdict in his favor.

The respondent introduced no testimony.

*E. A. Cook* for the respondent.

The court should have directed a verdict. Treating the evidence introduced by the state as true, it had no tendency to show the respondent guilty. *State* v. *Bishop*, 51 Vt. 287; *Davis* v. *People*, 1 Park, C. C. (N. Y.) 447; *Jones* v. *People*, 6 Park, C. C., (N. Y.) 126; *State* v. *Reid*, 20 Iowa 413; *State* v. *Tilton*, 63 Iowa 413; *State* v. *Hayden*, 45 Iowa 11; *State* v. *Jennings*, 79 Iowa 513; *State* v. *Schaffer*, 59 Iowa 290; *People* v. *Gordon*, 40 Mich. 716; *Stuart* v. *People*, 42 Mich. 255; *People* v. *Carroll* (Mich.) 20 N. W. Rep. 66; *Ingalls* v. *State*, 48 Wis. 647; *Neubrant* v. *State*, 53 Wis. 89; *People* v. *Noregea*, 48 Cal. 123; *People* v. *Hanover*, 85 Cal. 374; *People* v. *Beaver*, 49 Cal. 57; *People* v. *Mitchell*, 55 Cal. 236; *People* v. *Ah Sing*, 59 Cal. 400; *Walker* v. *Commonwealth*, 28 Gratt. (Va.) 969; *Taliaferro* v. *Commonwealth*, 77 Va. 411; *State* v. *Reese*, 27 W. Va. 375; *Fuller* v. *State*, 48 Ala. 273; *White* v. *State*, 72 Ala. 195; 2 Am. & Eng. Enc. of Law 693; *State* v. *Rivers*, 27 N. W. Rep. (Iowa) 781; 1 Bish. Crim. Law, s. 699; *Falvey* v. *State*, 85 Ga. 157.

Evidence of the two co-respondents was not admissible. 4 Am. & Eng. Enc. of Law, p. 631, note 6; *People* v.

*Parker*, 11 West. Rep. 182; *Ricks* v. *State*, 19 Tex. App. 308; *Willey* v. *State*, 8 S. W. Rep. 570.

*W. W. Miles*, State's Attorney, for the state.

Testimony of the two co-respondents and of Moe was admissible. It tended to prove the *corpus delecti*. 2 Whart. Crim. Law, 6th Ed., s. 1605.

The motion for a verdict was properly overruled. *Knapp & Warden* v. *Winchester*, 11 Vt. 351; *Goodnough* v. *Huff*, 53 Vt. 482; *Reed* v. *Reed*, 56 Vt. 492 : *Brooks* v. *Thacher*, 49 Vt. 492; *State of Oregon* v. *Tamler et al.*, 8 L. A. R. 853.

ROSS, C. J. . I. The respondent was tried upon an information charging him and three others with breaking and entering a store at South Barton, in the night time, with intent to steal. Two of the others, Smith and Roderick, pleaded guilty and were used by the state as witnesses against the respondent. That portion of their testimony excepted to was properly admitted to establish the commission of the crime charged, and that certain property was stolen from the store. It was none the less admissible because their testimony, if believed, would establish that they, without the presence or aid of the respondent, broke and entered the store and stole the goods therefrom. The state might properly show the *corpus delicti* before showing the respondent's connection with it.

The testimony of the officers, Moe and Bell (who made the arrest) excepted to, was to the effect that part of the goods taken from the store were found on the persons of the two who pleaded guilty, and a part on the respondent, and had a tendency to show that the three were engaged in the commission of the crime. There was no error in admitting this testimony. The exception to the testimony of Orcutt is not now insisted upon.

II. At the close of the testimony produced by the state the respondent rested, and made a motion that the court order a verdict in his favor, for that the evidence was insufficient to warrant a conviction. The court properly overruled this motion. The respondent's counsel contends that there was error in this action of the court, mainly on the ground that it was the duty of the jury either to give credence to all of the testimony of the two respondents who pleaded guilty, or wholly to reject their testimony; and that treating this testimony introduced by the state, either way, the remaining testimony would be insufficient to connect the respondent with the commission of the crime. But this contention is not sound. It was for the jury, and not for the court, to consider and weigh the testimony of the two respondents who had pleaded guilty, and to determine what portion of it they would believe, and what they would disbelieve, as the other uncontroverted facts in the case might indicate, that their testimony was true or false. The relations of the state to the witnesses it may introduce, is different from that of a private party. The state has no partisan ends to serve. It has as much interest to clear the innocent as to convict the guilty. Hence it is under a duty to produce and use all witnesses, of whatever character, whose testimony may shed light upon the investigation and aid the jury in arriving at the truth. *State* v. *Magoon*, 50 Vt. 533.

The jury might well believe that portion of these respondents' testimony which showed that the respondent Harrison was with them in their journeyings for some time both before and after the commission of the burglary and theft; that he was at South Barton with them just before the commission of the crime, and again at Barton very soon after, and reject the improbable portion that he left them just before the commission of the crime, and met them in the darkness of the night just after at Barton, and went with them, carrying the stolen goods, all through the night, to the barn

near Newport, where they slept until near noon the next day. Their account, too, of the way they came to give him the stolen property found on him was unnatural and almost incredible. His connection with the respondents, who pleaded guilty, both before and after the commission of the crime, his presence at the place just before the commission, his possession of part of the stolen property, his false account of where and how he obtained it, as well as their improbable story of his leaving them at South Barton just before the commission of the crime, and meeting them in the dark at Barton just after, and how he came to take and use the stolen property, was all evidence proper for the jury to consider and weigh, as tending to show respondent Harrison guilty.

III.    It is not seriously contended that there was error in the charge of the court excepted to ; but it is contended that the court ought to have explained more fully. The charge given, in so far as it told the jury that if they found, beyond a reasonable doubt, that the respondent falsified in the account he gave of when and where he came into possession of the stolen property, such action was a circumstance tending to show him guilty, was correct, and if the respondent's counsel desired, and thought further instruction on this point necessary, he should have requested it. There was no error in not giving further unrequested instruction on the point, inasmuch as the instruction given was correct and fully covered the point.

*Judgment; there is no error in the proceedings of the county court, and that the respondent takes nothing by his exceptions.*