## STATE *v.* GEORGE N. BUCKMAN.

October Term, 1901.

Present: TAFT, C. J., ROWELL, TYLER, MUNSON, WATSON and STAFFORD, JJ.

Opinion filed April 12, 1902.

*Assault with intent to rape—Evidence—Failure to produce witness—Harmless error—Argument.*

The complainant in a prosecution for an assault with intent to commit rape having testified that she discovered the respondent in a tree near her window on one occasion, and that her son discovered him there upon another, her statement relative to her son's discovery was, upon respondent's application, stricken out; she was, thereupon, allowed to testify which son it was, and when it was with reference to the assault, and the respondent's request that this testimony to be stricken out was refused. It did not appear when or how her son's discovery was communicated to her, and the exact date of such discovery was not material.  *Held,* that the testimony was improperly received.

The respondent testified in cross-examination, that he could not write or read writing, and that he had had no letters written during his imprisonment except to his wife; that he knew Mrs. Waite, but denied that he had written her or authorized anyone to write her to

the effect that he wanted things fixed up for his trial. The jailer was called in rebuttal, and testified, without objection, that the respondent had given him letters to mail to parties, and, under exception, that he had sent three or four such letters. *Held*, that, the only part of the jailer's testimony excepted to being as to the number of such letters, there was no harmful error.

In a criminal prosecution, the unexplained failure of the state to produce a witness shown by its evidence to have knowledge of material matters, raises no unfavorable presumption when such witness resides without the state.

The refusal to charge that the omission of the state to call to the stand one of its witnesses in attendance shown to have knowledge of material matters, is not error, since the court is not required to give a special instruction in regard to each piece of evidence.

The testimony of a respondent, in direct examination, that he cannot give a certain date without looking at his book, and, on cross-examination, that he cannot write or read writing, affords a sufficient basis for an argument that he stands convicted of perjury on his own testimony.

INFORMATION for an assault with intent to commit rape. Plea, not guilty. Trial by jury at the June Term, 1901, Windsor County, *Start,* J., presiding. Verdict, guilty, and judgment thereon. The respondent excepted.

*Gilbert A. Davis* for the respondent.

The court erred in permitting the complainant to testify to the episode about her son, Julian, having seen respondent in a tree. It was purely hearsay. It had a tendency to prejudice the jury against the respondent. Although Julian testified about it, it did not appear that his testimony and his mother's referred to the same, occasion. It is not the case of an improper answer to a proper question; it is the case of an improper question.

It was the duty of the state to produce Maud Walsh as a witness, and the fact that the state did not produce her was to be taken against it. *State* v. *Magoon,* 50 Vt. 333; *State* v. *Smith,* 71 Vt. 331. Although Maud Walsh lived, at the time

of the trial, in Claremont, N. H., there was no evidence that any attempt had been made to secure her attendance.

The state had Horace Bowen in court during the trial, but did not call him as a witness. This fact was to be taken in favor of the respondent. His evidence was peculiarly within the reach and knowledge of the state. *State* v. *Fitzgerald,* 68 Vt. 127; 1 Stark. Ev. 310, 487; *People* v. *McWhorton,* 4 Barb. 439.

It was error to permit the jailer to testify that respondent sent three or four letters out of the jail while he was confined there. Respondent simply denied that he wrote a letter of the tenor indicated by the question. Then came the flourish of the letter by the state's attorney, not offered in evidence, but intended to prejudice the jury. The court cannot admit illegal evidence and then charge it out of the case. Mr. Flynn's argument to the jury that the respondent stood convicted of perjury by his own statement was improper. *Daggett* v. *Manufacturing Co.,* 71 Vt. 372; *Ranchau* v. *Railroad Co.,* 71 Vt. 148; *Cutler & Martin* v. *Skeels,* 69 Vt. 154; *State* v. *Hannett,* 54 Vt. 83. The allowance of exception to this argument is to be treated as an implied ruling that it was proper. *Baker* v. *Sherman,* 71 Vt. 446. The court charged the jury that it must be satisfied by a fair measure of proof, that the respondent had the intent charged. This is not correct. A fair measure of proof is not the law. *Commonwealth* v. *Tuttle,* 12 Cush. 504; *Hopt* v. *People,* 12 U. S. 430; *Lillianthal* v. *U. S.,* 97 U. S. 230; *State* v. *Shaffer,* 89 Mo. 282.

*Charles P. Tarbell,* State's Attorney, for the State.

The testimony of the complainant was admissible to fix the occasion when her son saw the respondent in the tree. It had appeared that her son discovered the respondent in a tree overlooking her window. This fact had no significance unless shown to be about the time of the assault. With that view,

she was asked which son it was, and when it was in reference to the assault. It will be noted that the son was improved as a witness, and testified to the fact of seeing the respondent in the tree. *Ross* v. *Bank of Burlington,* 1 Aik. 43; *Hill* v. *North,* 34 Vt. 604.

The respondent should have taken his exception before the questions were answered. *State* v. *Powers,* 72 Vt. 168. The failure of the state to use the witnesses in attendance did not justify an inference unfavorable to the state. *State* v. *Smith,* 71 Vt. 331. It was proper for the state to cross-examine the respondent in regard to the letters without producing them. *Knapp* v. *Wing,* 72 Vt. 334. The argument of Mr. Flynn that the respondent was guilty of perjury according to his own testimony was justified by the evidence of the respondent that he could not read writing, and that he could not fix a certain date without looking at his book.

MUNSON, J. The complainant testified to having discovered the respondent in a tree near her window upon one occasion, and, being asked if she had upon any other occasion, said her son discovered him there one evening. This was stricken out upon the application of the respondent, but the examiner proceeded to inquire which son it was, and when the occasion was with reference to the assault. The respondent asked that the answers to these further inquiries be stricken out, but the examiner said he expected to prove the occasion by the son, and wished this evidence in, as fixing the time. The testimony was then permitted to stand subject to exception. The son was afterwards called, and testified to an occasion when he thus discovered the respondent. It did not appear when or how the son's knowledge of such an occurrence was communicated to the mother. This testimony of the mother regarding as occurrence of which she had no personal knowledge, was improperly introduced. The matter was not one as to which

a determination of the exact date was material. The mother had no means of determining the exact date, and did not undertake to do so. Her idea of the time was in fact widely different from that afterwards given by the son. Nor can we say that the evidence was harmless. The corroborative effect of evidence that the witness had previously made declarations of the fact testified to is well understood; but this corroboration is proper only in special circumstances, not shown to have existed here.

The respondent testified in cross-examination, upon being shown a letter, that he could not write or read writing; that he had had no letters written to any one except his wife during his imprisonment, but that he knew Mrs. Dan Waite, an aunt of the complainant. The state was then permitted, under exception, to ask the respondent whether he wrote or authorized any one to write for him in this way—"I want you and Katie to see that everything is fixed up for the June term of court all right on my side, and you'll never lose anything by it;" and the respondent denied having done so. The jailer was called in rebuttal, and testified, without objection, that the respondent had given him letters to mail to parties, and afterwards, under exception, that he had sent either three or four. So it appears that the only statement of the jailer brought in under exception was the fact that as many as three or four letters had been sent. It is clear that this cannot have been harmful. The state's attorney at first proposed to offer in connection with this evidence a letter which he held in his hand, but upon objection being made to further inquiries, withheld the offer. It is claimed that this handling of the letter was prejudicial to the respondent, but we see nothing upon which error can be predicated. It is not claimed but that the question asked the respondent was proper cross-examination.

The complainant testified that while she was struggling with the respondent in an upper room which had windows facing the highway, one Maud Walsh drove into the yard and called the complainant by name, so that she heard and recognized the voice, and that respondent also heard the call, and immediately desisted and went away. It appeared that at the time of the trial Miss Walsh was living with her parents at Claremont, N. H. It did not appear that the state had made any effort to secure her attendance, nor that she was unable to attend. The respondent requested an instruction that it was the duty of the state to produce Miss Walsh as a witness, and that its failure to do so, unexplained, was to be taken against it. This was properly refused. If the rule prescribing the duty of the state is as claimed by the respondent, and is one that entitles the respondent to a charge, it applies only to witnesses within reach of its process. If its process was in any way available for the procurement of Miss Walsh, it was by virtue of some enactment of the state of New Hampshire, and the court could not take judicial notice of the existence of such an enactment.

The respondent made a similar request regarding the testimony of Horace Bowen, a son of the complainant, who lived with his mother, and was shown by her testimony to have known of some misconduct of the respondent on another occasion. This son was summoned by the state, and was in attendance during the trial, but was not called to the stand. The failure to call him to the stand may have been a proper subject of comment in argument, and a restriction of the argument in this respect might have been good ground of exception; but this treatment of the case was only one of many circumstances bearing more or less remotely upon the issue, and the court cannot be required to give a special instruction in regard to each piece of evidence.

The respondent was allowed an exception to the following remark made in presenting the state's case to the jury: "The respondent stands convicted of perjury by his own statement that he could not read or write." The respondent had testified, in response to an inquiry of his own counsel, that he could not tell when he went to work for Mr. Gill without looking at his book. This afforded a basis for the argument, and the exception cannot be sustained.

*Judgment reversed and cause remanded.*