## State of Vermont v. Wilfred Herman Lavallee

[163 A.2d 856]

May Term, 1960

Present: Hulburd, C. J., Holden, Shangraw, Barney and Smith, JJ.

Opinion Filed September 6, 1960

*Thomas M. Debevoise,* Attorney General, for the State.

*John T. Conley* for the respondent.

**Smith, J.** The respondent was convicted of assaulting and robbing one Audsley R. Eno of Winooski, Vermont, a violation of V.S. 47 §8266 (now 13 V.S.A. §604) by a jury verdict on March 23, 1959, in the Chittenden County Court. Under the practice existing at that time the respondent seasonably filed a bill of exceptions to bring the case here.

At the outset of the trial, the respondent filed with the trial court the following petition:

"Now comes the respondent, Wilfred Herman Lavallee, by his attorney, John T. Conley, and moves this Honorable Court to direct and order the State to produce for the inspection by the respondent all reports of investigators, police officers and informers who are to testify at the trial in the above entitled cause, either written by them personally or orally made by them and reduced to writing by the State touching the events and activities as to which they are to testify in the trial of the above entitled cause, and the respondent further requests that any relevant statements or reports in the State's possession of the State's witnesses touching the subject matter at the trial be given to the respondent for inspection."

The trial court denied the petition, and it is upon this denial that the respondent briefs his first exception. The respondent relies almost entirely upon the decision of the United States Supreme Court as given in the case of *Jencks* v. *United States,* 353 U.S. 657, 77 S.Ct. 1007, 1 L.Ed.2d, 1103, as the basis for his assertion of error in the denial of his petition in the lower court.

The holding in the Jencks case was not based upon a constitutional question, but set forth a procedural rule for the administration of justice in the federal courts. This is made obvious by the fact that some of the discovery provisions set forth in the majority opinion in the case have been limited by the passage of the so-called "Jencks Act" (18 U.S.C. Par. 3500, Supp. V) by the Congress, and by the fact that it is this act, rather than the decision in *Jencks* v. *United States, supra,* which now governs the production of statements of government witnesses for inspection at trial by a respondent in the United States courts. *Rosenberg* v. *United States,* 360 U.S. 367, 369, 79 S.Ct. 1231, 3 L.Ed.2d 1304.

However, if, as the respondent suggests, we used the decision in *Jencks* v. *United States, supra,* as a guide to our own reasoning on the question presented it would avail him nothing, for the decision in the Jencks case did not go as far as the respondent would have it.

The motion for the inspection of the reports sought in the Jencks

case was made during the course of cross-examination of a witness, and was not made prior to the trial of the case, as was the motion in the case before us. Mr. Justice Frankfurter stated, in *Palermo* v. *United States,* 360 U.S. 343, 345, 79 S.Ct. 1217, 3 L.Ed.2d 1287,

"Exercising our power, in the absence of statutory provision, to prescribe procedures for the administration of justice in the federal courts, this Court, on June 3, 1957, in Jencks v. United States, decided that the defense in a federal criminal prosecution was entitled, under certain circumstances, to obtain, for impeachment purposes, statements which had been made to government agents by government witnesses. These statements were therefore to be turned over to the defense at the time of cross-examination if their contents related to the subject matter of the witness' direct testimony, and if a demand has been made for specific statements which had been written by the witness, or if orally made, as recorded by agents of the government."

No authority is found in the Jencks case to grant a respondent the right to inspect the records and writing of a prospective government witness before trial. Such right to inspect objects or writings in advance of trial in criminal cases does not exist in the common law. 6 Wigmore Evidence §§1850, 1859, 3rd ed. This state has conferred no such right by statute. The respondent has cited us no authority from other jurisdictions conferring such right of pre-trial inspection of the statements of state witnesses. The petition was properly denied.

At the conclusion of the direct testimony of Audsley Eno, he was cross-examined by counsel for the respondent and testified that he had given a statement to investigating officers soon after the robbery and which was signed by him. The respondent then made the following motion:

"Now at this time, your Honor, the respondent moves this court to order the State to produce any statements of the witness in the possession of the State which relate to the subject matter as to which the witness has testified."

Upon objection by the attorney general the trial court denied the motion and allowed the respondent an exception.

The same motion was made by the respondent at the conclusion of

the direct testimony, and the commencement of cross-examination by other state witnesses, and the same exception was allowed on the denial of each of such motions. While there is a variance in the factual backgrounds on the making of statements on the part of the individual witnesses, we may, for the purpose of deciding the question presented, treat them as the same.

We believe that the question presented may be fairly summarized as involving the right of a respondent in a criminal case to have produced, and to inspect, signed statements made by a state witness before trial, and in the possession of the state, for the use of the respondent on cross-examination, for the purpose of testing the credibility and accuracy of the testimony of the witness given on his direct examination. It is the first time that this question has been presented to this Court.

In the common law the accused in a criminal action could not compel production of documents or other evidence in the possession of the state. 6 Wigmore Evidence, 475-476, 3rd ed. This Court has held that there is no right on the part of a respondent in proceedings made secret by statutory provisions, such as the hearings of a grand jury, or of an inquest (13 V.S.A. §5605 and 13 V.S.A. §5134) to inspect the transcripts of such proceedings, except upon an order of the court granted as a matter of discretion. *State* v. *Goyet,* 119 Vt. 167, 171, 122 A.2d 862; *State* v. *Truba,* 88 Vt. 557, 561, 93 A. 293.

The statements here sought by the respondent were not made during the course of any statutory hearing but were taken from witnesses by the State, through its agents, in the investigation of the alleged crime. It has long been a truism, possibly at times more honored in the breach than in the observance, that it is as much the duty of the State to acquit the innocent as to convict the guilty. To put it another way the interest of the State in a criminal prosecution "is not that it shall win a case, but that justice shall be done." *Berger* v. *United States,* 295 U.S. 78, 88, 55 S.Ct. 629, 79 L.Ed 1314. Justice can only be done when the truth is made known. "Cross-examination is the most valuable safeguard that has been discovered in the judicial search for truth, and if cross-examination is to be at all effective it must have wide latitude in the testing of the recollection and fidelity of the witness." *State* v. *Hunt,* 25 N.J. 514, 138 A.2d 1, 6. "Every experienced trial judge and trial lawyer knows the value for impeaching purposes of statements of the witness recording the

events before time dulls treacherous memory." Mr. Justice Brennan in *Jencks* v. *United States, supra,* p. 667.

There are jurisdictions that deny the right of a respondent to examine statements made by a witness before trial and which are in the possession of the State, for the purpose of cross-examination, on the ground that justice would be frustrated and that no constitutional question is involved, but such jurisdictions admit that such statements might be subject to inspection by a respondent if it is first shown that they are in conflict with the direct testimony of the witness. *Anderson* v. *State,* Ind., 156 N.E.2d 384.

It is difficult for us to understand how a respondent could show the inconsistency of a pre-trial statement of a witness, as compared with his direct testimony on trial, when the contents of the statement must remain unknown to the respondent until he has examined it. It must so have appeared to Chief Justice Marshall in the early federal case of *United States* v. *Burr,* 25 Fed. Cas. 187, when he wrote:

> "Now if a paper be in possession of the opposite party, what statement of its contents or applicability can be expected from the person who claims its production, he not precisely knowing its contents?"

A prior showing of inconsistency in such requested statement would put an impossible burden upon the respondent requesting it, and we cannot adopt such a rule.

The respondent, in his motion now under consideration, has in effect requested that the statements that he seeks be turned over to him, presumably for his sole determination as to their relevancy and determination for use in cross-examination. It should be noted that at no time did he move that such requested statements be turned over to the trial court for its inspection and determination as to relevancy.

It is true that in *Jencks* v. *United States, supra,* the majority opinion was that such requested statements should be given directly to the respondent, without inspection and determination of relevancy by the trial court, although in so doing they went beyond the scope of the motion of the petitioner in that case which was merely that such statements be turned over to the trial court for examination, as is pointed out by Mr. Justice Burton in his concurring opinion in that case. And it should be noted that the present federal rule, 18 U.S.C. 3500, provides that upon objection by the government the

requested statements shall first be examined by the trial judge *in camera* for a determination of relevancy.

■ While accepting and adopting the principle that a respondent should be entitled to inspect properly authenticated pre-trial statements of a witness made in a criminal case, after such witness has testified on direct examination, for the purpose of cross-examining the witness, we cannot agree that such statement should be turned directly over to the respondent for his determination as to its relevancy and materiality for use in cross-examination. The effect of turning over a statement directly to a respondent without previous inspection by the trial court, and such court's determination of its relevancy, is to make the respondent the judge of the relevancy of the contents; but the respondent has no more right to decide the question of the relevancy of the statement requested than does the State. The operation of a motion to produce statements of a witness in the possession of the State is in many ways similar to the issuance of a writ of subpoena *duces tecum.* In the case of *In re Consolidated Rendering Co.,* 80 Vt. 55, 66 A. 790, the party upon whom the process was served objected to bringing the requested documents into court on the ground that they might be incriminating.

This Court stated:

"The office of the writ of subpoena duces tecum extends only to compel the bringing into court by a party or witness of books and papers of which he has control, and an inspection of which is deemed to be essential to the proper determination of the issues presented for trial. The writ has no effect upon the question of the admissibility of books and papers so brought in as evidence in the case."

Prof. Wigmore says:

"It is obviously not for the witness to withhold the documents upon his mere assertion that they are not relevant or that they are privileged. The question of relevancy is never one for the witness to concern himself with; nor is the applicability of a privilege to be left to his decision. It is his duty to bring what the court requires; and the court can then to its own satisfaction determine by inspection whether the documents produced are irrelevant or privileged." Wigmore, Evidence 117-118, 3rd ed.

The respondent would have us hold as a fixed rule that statements of witnesses in the possession of the State, under the circumstances here existing, must be turned over directly to a respondent without preliminary inspection and determination of relevancy by the court.

"No fixed rule with respect to disclosure is justifiable. The problem is one that calls for balancing the public interest in protecting the flow of information against the individual's right to prepare his defense. Whether a proper balance renders nondisclosure erroneous must depend upon the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." *Roviaro* v. *United States,* 353 U.S. 53, 62.

"The trial judge exercises his discretion with knowledge of the issues involved in the case, the nature and importance of the government's interest in maintaining secrecy, and the defendant's need for disclosure. By vesting this discretion in the trial judge, the conflicting interests are balanced, and a just decision is reached in the individual case without needless sacrifice of important public interests." Mr. Justice Burton in his concurring opinion in *Jencks* v. *United States, supra.*

In Vermont the scope and extent of cross-examination has always been held to be within the discretion of the trial court. *Saliba* v. *New York Central R. R. Co.,* 101 Vt. 427, 434, 144 A. 194. This discretion would be taken from the court if the respondent's motion, as made, was granted.

The respondent, upon denial of his motion, might then have moved to have the statements sought turned over to the trial court for its inspection and determination on relevancy. If dissatisfied with the trial court's determination on this question the matter of a claimed abuse of discretion could then have been presented to this Court. He did not choose to do this, and we find no error in the lower court's denial of the motion as made.

The respondent has also briefed certain exceptions to the testimony of Frederick Wright, a New York State police officer, who testified as to the arrest of the respondent, and his alleged accomplice, in Platts-

burgh, N. Y., and as to the results of his search of their persons, and the premises occupied by them.

■ Respondent's first exception is to certain questions asked of the witness by the attorney general on the trial of the case, which he claims were leading. This was not the ground of the objection made below, nor is there any allegation that the court abused its discretion in allowing such question to be asked, nor is such abuse shown as is necessary under our cases. *State* v. *Blair,* 118 Vt. 81, 92, 99 A.2d 677. No question is presented for our review.

The witness, Wright, testified as to finding sums of money in both paper currency and in silver coins in the possession of the respondent. He testified at some length on the peculiar appearance and odor of the money so found. It is the respondent's contention that the evidence as to such money being in the possession of the respondent was wrongfully admitted on the theory of a sudden acquisition of wealth, because, among other lacking essentials for such showing, the impecuniosity of the respondent was not shown.

■ The record of the case before us, however, indicates that this testimony was offered by the State on the ground that such monies were specifically identified as having come from the robbery. Where a proper foundation has been laid by evidence which, prima facie at least, establishes the felonious taking of property or money, the circumstance that such property or money—the fruits of the crime with which the accused is charged—was found in his possession shortly after the commission of the crime is always competent evidence against him, in connection with other evidence which tends to show the possessor's participation in the crime. *State* v. *Harrison,* 66 Vt. 523, 527-528, 29 A. 807; 20 Am. Jur. Evidence, p. 276.

No claim is made here by the respondent that such monies found on the respondent were not the "fruits of his crime," and a study of the transcript discloses ample evidence that this was the identical money which was the property of the victims of the alleged robbery. We find no error.

*Judgment—there is no error in the proceedings of the county court, and the respondent takes nothing by his exceptions.*