### State of Vermont v. James N. Skagen

[167 A.2d 530]

November Term, 1960

Present: Hulburd, C. J., Holden, Shangraw, Barney and Smith, JJ.

Opinion Filed January 3, 1961

*Thomas M. Debevoise,* Attorney General, for the State.

*George J. Bergman* for the respondent.

**Barney, J.** This respondent was separately tried and found guilty as a co-principal in the robbery for which Wilfred Lavallee was also convicted. The Lavallee appeal was handed down at the Septem-

ber Term, 1960, of this Court and is reported in 122 Vt. 75, 163 A.2d 856. Both cases dealt with the same factual situation there described, which is not in issue here.

One of the principal questions of the Lavallee case dealt with the right of the respondent to have turned over to him out-of-court statements of a witness, for the purpose of cross-examining that witness, following direct examination of that witness by the State. The same issue was raised by this respondent in this case. He now urges as the one question for disposition in this appeal an aspect of his particular motion for production of such a witness' statement, which he claims is not governed by the ruling in *State* v. *Lavallee, supra,* 122 Vt. 75, 163 A.2d 856.

In that case counsel for the respondent Lavallee used this language in asking for production of any statements of the witness then testifying:

"Now at this time, your Honor, the respondent moves this court to order the State to produce any statements of the witness in the possession of the State which relate to the subject matter as to which the witness has testified."

Mr. Justice Smith, on page 80 of the Lavallee case, comments on the shortcomings of that motion in the following language:

"While accepting and adopting the principle that a respondent should be entitled to inspect properly authenticated pretrial statements of a witness made in a criminal case, after such witness has testified on direct examination, for the purpose of cross-examining the witness, we cannot agree that such statement should be turned directly over to the respondent for his determination as to its relavancy and materiality for use in cross-examination. The effect of turning over a statement directly to a respondent without previous inspection by the trial court, and such court's determination of its relevancy is to make the respondent the judge of the relevancy of the contents; but the respondent has no more right to decide the question of the relevancy of the statement requested than does the State."

The motion of the respondent in this case contains the following language:

"\* \* \* and the Respondent further moves that any relevant statements or reports in the State's possession of the State's witnesses touching on the subject matter at the trial be given to the Respondent for inspection."

Confronted with the holding in the Lavallee case, he contends that the presence of the adjective "relevant" describing the requested statements or reports justifies a different result here. It is his position that the insertion of the word "relevant" in the motion had the effect of informing the trial court that the respondent wished that court to make a preliminary examination for relevancy. This would then amount to a compliance with the procedure delineated by the Lavallee case.

This argument is not persuasive. In the first place, the respondent clearly indicated to the court below that he was making the motion on the basis of *Jencks* v. *United States,* 353 U.S. 657, 77 S. Ct. 1007, 1 L.Ed.2d 1103. As is said in the Lavallee case, the rule of the Jencks case was that the requested matter was not subject to examination for relevancy by the trial court but should be delivered directly to the respondent with no intervening inspection. Nor is there anything in the language of the motion here that suggests a preliminary examination by the court was contemplated, if this was not accomplished by the word "relevant." How the presence of that one word can suffice to inform the court below that its preliminary examination for relevancy is sought, overcoming the positive language of the motion and the reference to the Jencks case, is not demonstrated. It would be unreasonable to hold that a trial court must understand such a motion to embrace such a strained interpretation.

Courts must treat motions in the form and content presented. Whether they relate to well-known areas of the law or are concerned with novel and undecided questions, it must be presumed that their meaning in the light of common understanding of language was intended. To require courts to give tortured meaning to the words of parties to avoid error would do injustice between litigants and deprive judicial decision of consistency. Although courts are alert to protect the rights of one on trial in criminal proceedings, they cannot make of a motion something it clearly is not. Parties must be held re-

sponsible for the form in which they choose to raise issues before a court.

In spite of the respondent's contention to the contrary, there appears to be no substantial difference between the motion dealt with in the Lavallee case and that made here. The word "relevant" for which so much is claimed here may be taken to be implicit in the phrase "statements * * * which relate to the subject matter * * *" appearing in the Lavallee motion. Indeed, in 20 Am. Jur. Evidence §250 at page 244, we find this statement with respect to admission of evidence on the basis of relevance : "Evidence, however, must *relate to,* and be connected with, the transaction which it is to elucidate, and this connection must be immediate." (Emphasis supplied.) The issue presented to the trial court by the motions in each of these cases was the same in substance and compels a common result.

■ True it is that the argument advanced here was not presented to. this Court in the Lavallee appeal, but this brings home the most serious defect in the respondent's position. Not only was this point not argued in the other appeal, but no inkling of this ground of objection was presented to the trial court in this case. It is because the respondent did not specifically request the court below to make a preliminary examination for relevancy of the requested statements that he is forced to argue that this request was implicit in the word "relevant." Certainly the respondent did not in any measure point out to the trial court his present contention that the word "relevant" created a duty of inspection for relevancy in the trier. To work a reversal it must be demonstrated that the ground of the objection was brought home to the court making the ruling. If the respondent had this contention in mind when he took his exception, there is nothing in the record to establish that he communicated his position to the trial court. Without such a showing, the ground he is now seeking to advance is beyond the scope of his exception, and is not for consideration here. *State* v. *Anderson,* 119 Vt. 355, 367, 125 A.2d 827 ; 12 V.S.A. §2381.

■ Furthermore, the motion made below does not confine itself to requesting statements made by the witness then on the stand. Instead, demand is made for the statements of all state witnesses, prior to their appearance on the stand in most cases. This is too broad, and renders the motion defective. The right to use relevant state-

ments arises in connection with cross-examination of the particular witness who has given the statements in question. *State* v. *Lavallee, supra,* 122 Vt. 75, 163 A.2d 856, 859. This is enough to support the ruling of the trial court and make the respondent's exception unavailing.

However, we have treated the motion in question as sufficient in form to raise the issue argued here by the respondent in connection with his exception. Since the right to use such statements in cross-examination is a question so newly considered in this Court, pointing out the short-comings of the position taken here by the respondent may be informative as to the proper manner of invoking the doctrine. This consideration justifies dealing with the motion as though limited to a request for statements of the witness at that time on the stand.

This being the only exception argued on this appeal, no error has been made to appear and the respondent takes nothing by his exceptions.

*Exceptions overruled and judgment affirmed. Let execution be done.*