## State of Vermont v. Jerome Martel

[ 177 A.2d 236 ]

November Term, 1961

Present: Hulburd, C. J., Holden, Shangraw, Barney and Smith, JJ.

Opinion Filed January 2, 1962

*Thomas M. Debevoise,* Attorney General, and *John J. Boylan, Jr.,* State's Attorney, for the State.

*Lisman & Lisman* for the respondent.

**Shangraw, J.** The respondent was found guilty by a jury in the Chittenden County Court of receiving and aiding in the concealment of stolen property, a violation of 13 V.S.A. §2561. He has brought the case here upon notice of appeal from the verdict and judgment. During the trial the respondent moved for a mistrial, and later moved to set aside the verdict.

The first point briefed by the respondent concerns the fact that the court, on its own motion, took judicial notice of matters which it is claimed were not of common knowledge, and, on the basis thereof, attacked the credibility of Ernest Martel, a witness for the respondent.

Following are the facts and circumstances, insofar as here material, leading up to the motion for a mistrial. Ernest Martel was improved as a witness for the respondent. He testified that he was engaged in the dairy and poultry business and lived with his family on a farm in Williston, Vermont. At the time of the trial he was also engaged in the business of demolition of buildings. His son, Jerome, the respondent, operated the poultry business and generally supervised the demolition business, and, as an incident to the latter activity, certain materials and articles were brought to the farm.

On or about December 4, 1959 law officers searched the farm premises and took possession of a number of articles including a miter saw, State's Ex. 2. During the trial the witness Ernest Martel claimed that he purchased the saw in question in Essex, Vermont about ten years prior to October 1960. With this testimony in mind the following remarks were made by the court in the presence and hearing of the jury.

"We take judicial notice that State's Exhibit 2 is stamped 'Disston-Porter, Philadelphia, U.S.A.' We take further judicial notice that the Disston Saw Company was purchased by H. K. Porter Company on November 15th, 1955 and that no saw manufactured prior to that date bore this stamp.

"Mr. State's Attorney, in due course you will proceed to petition for a grand jury to summon here any testimony as to perjury of the witness just on the stand."

Following an objection made by the respondent to the above remarks the court further stated:

"* * * As far as this witness is concerned, the Court feels that it has—that a fraud has been perpetrated upon it and we have instructed the State's Attorney to bring this man before a grand jury of this county to ascertain whether such a fraud was made or not."

Further objection to the remarks was made by the respondent on the subject of judicial notice, and that the remarks above quoted were made before the jury. The court then added: "I meant to make them before the jury." The transcript discloses this to have been an accomplished fact. Then followed a motion by the respondent for a mistrial on the ground that by reason of the remarks of the court it would be impossible for the respondent to obtain a fair verdict from the jury. This motion was denied.

As relating to the subject matter of respondent's motion to set aside the verdict, his first assignment of error is to the action of the court by taking judicial notice that the Disston Saw Company was purchased by the H. K. Porter Company, a private corporation, on November 15, 1955, and, that no saw manufactured prior to that date bore the stamp, "Disston-Porter, Philadelphia, U.S.A."

 Judicial knowledge is limited to what a judge properly may know in his judicial capacity. *Miranne* v. *State Farm Mut. Auto Ins. Co.,* La. App., 54 So.2d 538. As stated in Wigmore on Evidence, 3rd Edition, Vol. IX, §2567, "That a matter is judicially noticed means merely that it is taken as true without the offering of evidence by the party who should ordinarily have done so. This is because the Court assumes that the matter is so notorious that it will not be disputed." The test is whether sufficient notoriety attaches to the fact involved as to make it proper to assume its existence without proof. 20 Am. Jur. Evidence, §18.

 Here, the court took judicial notice that the saw in question was not manufactured prior to November 15, 1955 by a private corporation. It is plainly accepted that a judge is not to use from the bench, under the guise of judicial knowledge, that which he knows

only as an individual observer outside of court. Wigmore on Evidence, *supra*, §2569. Facts which are not judicially cognizable must be proved, even though known to the judge or court as an individual. 20 Am. Jur. supra, §21.

■ The internal affairs of a private corporation are not a proper subject for judicial notice. *Western Union Telegraph Company* v. *Burlington Traction Company*, 90 Vt. 506, 514, 99 Atl. 4, Ann. Cas. 1918B, 841. For further comment on the subject of judicial notice, see *State* v. *Lapan*, 101 Vt. 124, 133, 141 Atl. 686; *Stone* v. *Wood*, 104 Vt. 105, 108, 157 Atl. 829; *McKirryer* v. *Yager*, 112 Vt. 336, 340, 24 A.2d 331. The subject under consideration was not a proper matter for judicial notice.

We next consider the court's remarks as relating to the testimony of the witness Ernest Martel, wherein the court stated that a fraud had been perpetrated, and therein suggested that grand jury proceedings be instituted by the state's attorney, all of which were made in the presence of the jury. As stated in *Morse* v. *Ward*, 102 Vt. 433, 436, 150 Atl. 132, cited in *State* v. *Hedding*, 122 Vt. 379, 172 A.2d 599 : "That it is the duty of the court to conduct a trial with the utmost impartiality and fairness is elementary and fundamental." This guarantee is afforded a respondent by the Vermont Constitution, Chapter II, §28.

■■ It is the undisputed rule that the trier of the facts—the jury in this case—was the sole judge of the credibility of witnesses. *Daigle* v. *Conley*, 121 Vt. 305, 307, 155 A.2d 744; *State* v. *Hilliker*, 117 Vt. 569, 572, 97 A.2d 119; *LaPierre* v. *Halpin*, 111 Vt. 193, 195, 13 A.2d 281. A court should not instruct the jury as to the relative weight of testimony, or the credibility of witnesses. *Noyes* v. *Parker*, 64 Vt. 379, 383, 24 Atl. 12; *State* v. *Powers*, 72 Vt. 168, 173, 47 Atl. 830; *Mullaney* v. *Goss Co.*, 97 Vt. 82, 86, 122 Atl. 430.

The remarks of the court must be considered a strong attack upon the credibility of the witness Ernest Martel. The accusation of fraud and suggested grand jury proceedings could only convey to the jury the impression that the witness was unworthy of belief. It encroached upon the exclusive province of the jury to determine the credibility of this witness. While the court gave the usual instruction in its charge that the credibility of the witnesses and the weight to be given their testimony were matters entirely for the jury's consideration, the

court's remarks concerning the witness, Ernest Martel, when made, were not then tempered by caution or such instruction. We conceive that the prejudicial effect of these remarks was not overcome by the general instruction. On suggested perjury, see annotation, 127 A.L.R. 1385-1436.

Lastly, Bernard Perreault was called as a witness by the State, and, at the start of cross-examination, admitted that before trial he had given a signed statement to the police officers. The State acknowledged that it had this statement in its possession. A request was made by respondent's counsel that the statement be produced and that it might be examined by the court. The request was denied. Later counsel enlarged upon the motion by requesting that the "* * * statement be turned over to the trial court for its inspection and determination as to relevancy." Further adding, "* * * that if the Court finds that the statement is relevant to material testified on by the witness, Perreault, that it is then—that it then be turned over to the respondent for his use in cross-examination to test the accuracy and credibility of witness." This motion was denied without examination of the statement by the court.

The above request, as revised and amended, comes squarely within the rule as laid down in State v. Lavallee, 122 Vt. 75, 80, 81, 163 A.2d 856. In this opinion it was held that a respondent is entitled to inspect properly authenticated pre-trial statements of a witness made in a criminal case, after such witness has testified on direct examination, for the purpose of cross-examining the witness, provided the trial court first determines that the statements are relevant and material for use in cross-examination. It thus became the duty of the court to examine the statement and make a determination on its relevancy. If dissatisfied with the court's determination on this question the matter of a claimed abuse of discretion could then have been presented to this Court. State v. Lavallee, supra, 81. Also see, State v. Skagen, 122 Vt. 215, 218, 219, 167 A.2d 530.

Those representing the State candidly conceded to this Court prior to argument that they could not refute the respondent's claim of prejudicial error. Error has been demonstrated from the record.

*Judgment reversed and cause remanded.*