## State of Vermont *v.* Alfred Anair

[181 A.2d 61]

March Term, 1962

Present: Hulburd, C. J., Holden, Shangraw, Barney and Smith, JJ.

Opinion Filed May 1, 1962

*Charles E. Gibson, Jr.,* Deputy Attorney General, and *Leonard Pearson,* State's Attorney, for the State.

*C. O. Granai (Donald G. Milne* of counsel) for the respondent.

**Barney, J.**  After hearing, the trial court granted the respondent's motion for discovery. The state was granted permission to appeal the ruling to this Court in advance of trial. The motion would require the State to permit the respondent to inspect and copy any statements made by one Richard Young which are in the possession of the State.

The respondent is charged with procuring and counselling Young to burn certain buildings in which the respondent had property rights, in fraud of the fire insurer. During the investigation of the burning, Young was interrogated and allegedly gave a statement or statements to the investigators, in which he implicated the respondent. Young was charged with arson and has pleaded guilty.

That no right to inspect such a statement in advance of trial exists at common law is acknowledged by the respondent. See *State* v. *Lavallee,* 122 Vt. 75, 77, 163 A.2d 856. That case allows examination of such statements, under the supervision of the trial court, in connection with the cross-examination of a witness then on the stand during trial. *State* v. *Martel,* 122 Vt. 491, 495, 177 A.2d 256. The respondent concedes that unless he demonstrates statutory authorization for his motion, the ruling of the lower court cannot stand.

The respondent contends that this function is performed by 13 V.S.A. §6727, which reads as follows:

"Upon motion of a respondent at any time after the filing of an indictment, information or complaint, the court may order the prosecuting attorney to permit the respondent to inspect and copy or photograph designated books, papers, documents, statements or other objects, obtained from or belonging to the respondent upon showing that the items sought may be material to the preparation of his defense and that the request is reasonable. The order shall specify the time, place and manner of making the inspection and of taking the copies or photographs and may prescribe such terms and conditions as are just."

Three months after the decision in *State* v. *Fox,* 122 Vt. 251, 169 A.2d 356, this statute became law. In that case a respondent sought discovery of a document in the possession of the State under the statutory provisions relating to discovery in civil actions, 12 V.S.A. §1262. It was held that those statutory procedures were not available in criminal actions. The General Assembly acted on rules for depositions and discovery in criminal actions within a few weeks, and it must be presumed that the changes made in the law were made in the light of the relevant decisions of this Court.

Since the language of the statute adopted is limited to statements "obtained from or belonging to the respondent" this respondent urges us to move beyond the limitations of this language by taking into account the broad legislative purpose. The objective was, he claims, to make available to the respondent prior to trial material information in the possession of the State.

In support of this position he points to 13 V.S.A. §6721, which authorizes the respondent to take depositions from the witnesses for the State. Presumably, the information contained in Young's statements could be obtained in such deposition proceedings. From this, the respondent argues that since the statute specifically authorizes the indirect discovery of this information, liberal interpretation to allow examination of Young's statements before trial is in accord with legislative intent.

However, resort to the legislative history discloses the limits of this legislative intent. When the original House Bill No. 167 was introduced, it differed from the enacted statute. The bill derived from

Rule 16 of the Federal Rules of Criminal Procedure, and the previously quoted phrase read as follows: "obtained from or belonging to the respondent or obtained from others by seizure or by process." This language would appear to give support to the respondent's motion. But, during passage, an amendment deleted "or obtained from others by seizure or process," and the bill passed in the amended form.

■ This legislative action is indicative of a disapproval of the type of discovery sought by the respondent here. It is an expression of legislative intent exactly contrary to that necessary to support the ruling of the trial court.

Moreover, an examination of the federal cases reveals that even the presence of the deleted phrase in Federal Rule 16 does not support a respondent's right to examine statements of witnesses in the prosecution's possession. *U. S.* v. *Carter,* 15 F.R.D. 367, 372. In that case Judge Holtzoff says that public policy requires that, except in unusual cases, such inspection be denied for the preservation of orderly administration of the criminal law and for the protection of the community.

*The order permitting discovery is reversed and the cause is remanded.*