### State of Vermont v. Harrison Leo Audette

[264 A.2d 786]

No. 64-68

Present: Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed April 2, 1970

*Richard A. Gadbois,* State's Attorney, for the State.

*Joseph S. Wool,* Burlington, for Defendant.

**Barney, J.** When the crime charged is a sexual offense against an eight-year old child, the presumption of innocence is always in danger of being overborne by outrage. The burden on the court to see to the impartiality of the trial proceedings is intensified. The exercise of discretion is a heavier responsi-

bility, and this Court must give appropriate respect to its proper exercise.

The trial here resulted in conviction for lewd and lascivious conduct with a child. The respondent, on appeal, argues four errors. The first relates to the denial of examination of pretrial statements of a principal witness, the child's mother. The second had to do with a denial of the right to examine materials which a witness had reviewed before taking the stand to testify. The third was a claim that the trial court's ruling on the competency of a young witness was based on an inadequate foundation. The last allegation is that the charge insufficiently defined the "intent" which was one of the elements in the statutory description of the crime.

The evidence in this case developed that the mother of the little girl involved gave two signed statements to the investigating officers. While the principal investigating officer was on the stand a request was made for the production of those statements. This request was denied and the respondent concedes this ruling to be correct. When the mother was being cross-examined the respondent again asked for production of these two statements for examination by his counsel. The trial court refused the request but gave counsel leave to reopen and later interrogate the witness in connection with the matter, if he desired. Counsel's insistence that the statements be provided immediately was turned aside. The request was not renewed at any later time in the examination although the witness remained on the stand for some considerable period undergoing redirect examination, followed by re-cross-examination.

Under the rule in *State* v. *Lavallee*, 122 Vt. 75, 80, 163 A.2d 856, as reiterated in *State* v. *Skagen*, 122 Vt. 215, 217–218, 167 A.2d 530, there is a burden on the respondent to show that he explained to the court that he wanted the statement examined, if he is to put the court below in error. The exposition in the cases cited sets out the acceptable procedure which will assuredly bring the statements of the witness before the court, and, if relevant, into the hands of the attorney for the respondent for use in cross-examination. The record before us does not present the issue of a total refusal by the court to comply with the respondent's request for examina-

tion of these statements, since the court's invitation to reopen the question was never accepted.

 Moreover, in this state, the respondent has access to the state's witnesses through deposition and discovery proceedings under 13 V.S.A. §§ 6721 and 6727. Full advantage of this privilege was taken by the respondent with respect to the mother of the child and the principal investigating officer. The opportunity for inquiry into these particular areas was available in advance of trial, so that the respondent could fully apprise himself of the case against him. This is the intent and purpose of all of these rules of disclosure. They should be protected and measured as instruments of justice, not as procedural traps for either side.

When the investigating officer was on the stand he was asked if he had refreshed his recollection of the events to which he testified by reference to the report he filed in the case. Since his testimony on the stand had been given entirely without the use of any notes or memoranda of any kind, the question necessarily related to his review of his report before he took the stand. It is generally held that the right to require production for purposes of examination by the opposing party, of memoranda used by the witness to refresh his recollection, extends only to material used on the stand, not that referred to prior to testifying. 21 Am.Jur.2d "Criminal Law" § 339, p. 368; 23 C.J.S. "Criminal Law" § 1036(1), p. 1159.

 This approach has been characterized as unjustifiably restrictive in cases such as *State* v. *Hunt* 25 N.J. 514, 138 A.2d 1, 6–7. 3 Wigmore "Evidence" § 762 (3d Ed. 1940) also rejects denial of the right to examine material used in off-stand refreshment of recollection. This Court is of the same mind, but recognizes two modifying considerations. First, the already-mentioned rights of discovery available to criminally-charged respondents in this state reduce the need for a categorical right of examination in this area. Second, the concern for relevance and possible prejudice, recognized in the comments of the trial court in this case, are appropriate considerations. Thus we hold that rulings authorizing or refusing production of memoranda used off the stand for purposes of refreshing recollection are properly made as discretionary rul-

ings, made in the promotion of fairness and justice, according to the circumstances of the case. The ruling in this case is supportable as a justifiable exercise of that discretion.

■ ■ Because the trial court asked only four questions of the eight-year old child witness, the respondent claims prejudicial error in the admission of her testimony. These questions were directed at her understanding of the difference between lying and telling the truth, the significance of an oath and the young witness's obligation to be truthful in her testimony. The answers all indicated understanding and comprehension, and satisfied the trial court sufficiently so that he found the child competent to testify. This is the procedure adopted and approved in *State* v. *Stacy,* 104 Vt. 379, 394, 160 A. 257. The question of an infant witness's competency is for the trial court, resting in its discretion and based on its observation and examination of the child. Absent demonstrable error, the ruling will not be disturbed. We agree with the judgment in 2 Wigmore "Evidence" 598 (3d Ed. 1940) that reviewing courts should not be wasting time revising rulings as to competency of children they have never seen or heard. This is the trial court's function.

■ A court, in its charge to the jury, has a primary duty to define essential issues of fact and instruct on the law applicable to such issues, even without request. *State* v. *Coburn,* 122 Vt. 102, 105, 165 A.2d 349. This is, however, not a duty to give special instruction in regard to each piece of evidence. *State* v. *Buckman,* 74 Vt. 309, 314, 52 A. 427. Also, the court is free to select its own language, so long as the essential elements are properly put before the jury. *State* v. *Morse,* 127 Vt. 137, 141, 241 A.2d 328. The duty of the court in instructing the jury is a duty to explain and make clear the issues raised by the evidence and the law applicable to them. *State* v. *Anderson,* 119 Vt. 355, 367–8, 125 A.2d 827. In dealing with statutory language, a court has a duty to avoid confusing the issues by "over definition", particularly when the word in question is one of plain meaning and may well be understood by its context. *State* v. *Blay,* 77 Vt. 56, 60, 58 A. 794; see also *State* v. *Rivers,* 84 Vt. 154, 157–9, 78 A. 786.

Consistent with this objective, in appropriate cases, a court may decline to enlarge upon or redefine a phrase or a term whose meaning may be taken to be plain and of common understanding. *State* v. *Marston,* 82 Vt. 250, 251, 72 A. 1075.

In this case, it is an element of the crime charged that the act or acts of lewd and lascivious conduct be willfully done with the intent of arousing, appealing to or gratifying the lust, passions or sexual desires of the person charged or of the child. 13 V.S.A. § 2602. The trial court put this aspect of the crime before the jury in just such language, adding that "willfully" imports intention and that that means "by design." The respondent requested an enlarged definition which introduced the issue of the respondent's frame of mind as evidenced by his acts, words and other conduct. The trial court did not include this request in its charge, and error is claimed.

In this case the evidence introduced no controverted issue about state of mind or of capacity to form intent. In this particular the present case is quite unlike cases such as *State* v. *Reed,* 127 Vt. 532, 538–9, 253 A.2d 227, with respect to the issue of intent. The position taken by the respondent completely denied the occurrence of any such incident. The very nature of the accusation precluded any suggestion of an "accidental" or "unintentional" happening. Therefore, whatever the advantages might have been to complying with the respondent's request to charge, failure to include it in the charge was not error. Having in mind the issues in the case and what the court did say, the use of the word "intent" in the statute was sufficiently within its ordinary use and understanding so that the court could properly leave it to the jury without further definition. *State* v. *Louanis,* 79 Vt. 463, 468, 65 A. 532.

*Judgment affirmed.*