**STATE of Vermont v. Ronald L. CLOUTIER**

[656 A.2d 633]

No. 93-623

December 15, 1994. Defendant appeals from a jury conviction under 13 V.S.A. § 2602 (lewd conduct with a child). Defendant contends that (1) the trial court erred when it denied his motion to introduce the child's deposition in its entirety, and (2) there was insufficient evidence to prove defendant was capable of forming an intent to appeal to his sexual desires, or that defendant wilfully acted with such intent. We affirm.

Defendant, a trusted friend of the victim's family, babysat the five-year-old child several times a week. Defendant worked nights and often napped with the child in the afternoon. This case arose when the child told her aunt and her mother that defendant rubbed her during their naps together and that she no longer wished to take naps with him.

Defendant deposed the child and introduced portions of the deposition into evidence for purposes of impeaching and contradicting the child's hearsay statements admitted under V.R.E. 804a. The court did not admit the deposition in its entirety, but allowed defendant to read parts of the deposition into evidence during cross-examination of the child.

The child's deposition is not admissible under V.R.E. 804a. V.R.E. 804a provides a hearsay exception for statements by putative victims ten years of age or younger after certain criteria are met. *State v. Weeks*, 160 Vt. 393, 399, 628 A.2d 1262, 1265 (1993). Statements made in preparation for a legal proceeding are not admissible under this rule. *Id.*; V.R.E. 804a(a)(2). This rule allows a child victim's early statements, which often are regarded as highly trustworthy, to reach the jury when there is little risk of fabrication. Reporter's Notes, V.R.E. 804a. The deposition was taken in preparation for trial, nearly seven months after the alleged acts took place. Introduction of the child's deposition violates the rule. See *State v. Blackburn*, 162 Vt. 21, 25, 643 A.2d 224, 226 (1993) (excluding child hear-

say if requirements under V.R.E. 804a not satisfied).

Nonetheless, defendant argues that the purposes and policies underlying the rule compel admission of the entire deposition. Specifically, defendant argues that admission under V.R.E. 804a is compelled by defendant's right to confrontation. He contends that, due to the child's immaturity and the nature of her testimony, it was necessary for the jury to hear the entire deposition before he could properly impeach the child. Defendant cross-examined the child in court, read portions of the deposition and pointed out inconsistencies in the child's testimony to the jury. We fail to see any infringement of defendant's right to confront the child witness.

Defendant next contends that there was insufficient evidence to prove that he was conscious during the acts of fondling. Defendant claims that the uncontroverted evidence unequivocally established that he was asleep when the sexual activity took place and that, because he was not conscious, he could not form, or act with, the requisite intent for the crime. When examining the sufficiency of evidence in criminal cases, we "must view the evidence in the light most favorable to the State and will uphold the judgment unless there was no credible evidence justifying a guilty verdict." *State v. Warner,* 151 Vt. 469, 471, 560 A.2d 385, 387 (1989). Evidence of a lewd motive is often circumstantial, and can be inferred from the circumstances surrounding the act. *State v. Welch,* 159 Vt. 272, 276, 617 A.2d 427, 430 (1992). Further, the wilful nature of defendant's actions may also be proven circumstantially. *State v. Audette,* 128 Vt. 374, 379, 264 A.2d 786, 789 (1970).

Defendant relies upon the child's deposition and testimony to prove that he was asleep. The child stated that she knew defendant was asleep because she heard him snoring. She also indicated, however, that defendant did not snore all the time. She was not sure if defendant always was asleep when he touched her. The child's testimony alone does not prove whether defendant was conscious or awake when he touched the child because it is unclear whether the child could determine unequivocally when someone was sleeping or merely appearing to be asleep.

The circumstances surrounding the act, however, indicate that defendant was conscious. Defendant and the child frequently napped together under the bed covers, despite the fact that he had three or four hours to nap by himself before working in the evening. The child described the touch as a hard rubbing that was painful at times, and she indicated that the touching occurred multiple times. Hence, the jury could readily infer from the circumstances surrounding the act and the evidence concerning the act itself that defendant acted wilfully to arouse, appeal to or gratify his sexual desires. There is credible evidence to justify the verdict.

*Affirmed.*