
# ARKANSAS COURT OF APPEALS

DIVISION II
No. CR-15-64

| | |
|---|---|
| FRANCISCO REYES MEDLEY<br><br>APPELLANT<br><br>V.<br><br><br>STATE OF ARKANSAS<br><br>APPELLEE | **Opinion Delivered** February 10, 2016<br><br>APPEAL FROM THE SALINE COUNTY CIRCUIT COURT<br>[NO. 63CR-13-554]<br><br>HONORABLE GARY ARNOLD, JUDGE<br><br>AFFIRMED |

## RAYMOND R. ABRAMSON, Judge

Appellant Francisco Reyes Medley appeals from his conviction by the Saline County Circuit Court on the offense of fleeing, a Class D felony. Medley's sole point on appeal challenges the sufficiency of the evidence. We affirm.

At Medley's August 26, 2014 bench trial, the State called one witness, Corporal Chris Carter, of the Saline County Sheriff's Office. Corporal Carter testified that around 8:00 a.m. on July 25, 2013, he observed a blue Chevrolet S-10 pickup truck traveling north on Arch Street in Saline County and that the driver (later identified as Medley) was not wearing a seat belt. Corporal Carter stated that he then ran the truck's license-plate number through Arkansas Crime Information Center (ACIC) and was advised the truck had been stolen. He initiated a traffic stop by activating his blue lights and siren. Corporal Carter testified that after he activated his blue lights, the truck accelerated and exited the road on Arch Street into a

Shell gas station parking lot, while maintaining its speed of 35–40 miles per hour. Corporal Carter stated that there were numerous vehicles in the parking lot and that people were outside their cars pumping gas. Corporal Carter testified that during the chase, he remembered having to slow down and swerve to avoid two people who were pumping gas, but that the truck never slowed down or even yielded despite the fact the blue lights and siren were activated.

Medley then continued across the intersection of West Saw Mill and North Arch Street, which was, as Corporal Carter noted on the stand, "a fairly busy intersection at that time of morning." Eventually, the truck came to a stop, and Medley fled on foot. After a 300- to 500-yard foot chase, Medley surrendered and was taken into custody.

After the State rested, defense counsel moved to dismiss on the felony fleeing charge, arguing that the State failed to present sufficient evidence to establish that Medley was acting under circumstances manifesting extreme indifference to the value of human life or that the vehicle was operated in such a manner to create a substantial danger of death or serious physical injury to another person. The trial court denied the motion. Medley was the sole witness for the defense. After his testimony, the defense renewed its motion to dismiss. The trial court again denied it.

Medley's sole argument on appeal is that there was insufficient evidence to convict him of fleeing. He argues that the State failed to show that he operated a vehicle in a manner that created a substantial danger of death or serious physical injury to another person.

When a defendant challenges the sufficiency of the evidence in a criminal conviction, we view the evidence in the light most favorable to the verdict and consider only the

SLIP OPINION

evidence supporting it. *Adkins v. State*, 371 Ark. 159, 264 S.W.3d 523 (2007). This court will affirm if the finding of guilt is supported by substantial evidence. *Id*. Substantial evidence is evidence of such sufficient force and character that it will compel a conclusion with reasonable certainty. *Tennant v. State*, 2015 Ark. App. 81. Circumstantial evidence may constitute substantial evidence to support a conviction. *Thornton v. State*, 2014 Ark. 157, at 5, 433 S.W.3d 216, 219. To be substantial, circumstantial evidence must exclude every other reasonable hypothesis than that of the guilt of the accused. *Id*. Such a determination is a question of fact and is a matter for the circuit court and not this court to decide on appeal. *Id*. A judge at a bench trial is free to believe all or part of any witness's testimony and may resolve issues of conflicting testimony and inconsistent evidence. *Id*.

Arkansas Code Annotated section 5-54-125(d)(2) (Supp. 2015) provides as follows:

(2) Fleeing by means of any vehicle or conveyance is considered a Class D felony if, under circumstances manifesting extreme indifference to the value of human life, a person purposely operates the vehicle or conveyance in such a manner that creates a substantial danger of death or serious physical injury to another person.

In support of his argument, Medley cites to several cases in which Arkansas appellate courts have upheld Class D felony fleeing convictions and argues that the facts surrounding his flight from Corporal Carter were much less egregious. Although the cases Medley cites list examples of conduct that constitute purposely driving in a manner that creates a substantial danger of death or serious physical injury, that list is not exhaustive. As the State correctly asserts, such conduct would be different, for example, when driving on an interstate than when driving through the parking lot of a busy gas station. Medley accelerated the truck when Corporal Carter activated his blue lights and continued at a high rate of speed through

a busy gas station parking lot, past people who were standing outside of their vehicles pumping gas. Medley did not stop and continued through a fairly busy intersection, eventually fleeing on foot.

Viewing the evidence in the light most favorable to the State, substantial evidence supports Medley's conviction. Accordingly, we affirm.

Affirmed.

GLADWIN, C.J., and BROWN, J., agree.

*Rosalyn A. Watts, P.A.*, by: *Rosalyn A. Watts*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Kathryn Henry*, Ass't Att'y Gen., for appellee.