

# ARKANSAS COURT OF APPEALS

DIVISION III
**No.** CR–15–981

| | |
|---|---|
| JOSEPH DONALDSON | **Opinion Delivered:** September 14, 2016 |
| APPELLANT | APPEAL FROM THE DREW COUNTY CIRCUIT COURT [NO. CR-2015-27-3] |
| V. | |
| STATE OF ARKANSAS | HONORABLE ROBERT BYNUM GIBSON, JR., JUDGE |
| APPELLEE | AFFIRMED |

## RAYMOND R. ABRAMSON, Judge

A Drew County jury convicted appellant Joseph "Joe" Donaldson of third-degree domestic battery and felony fleeing, and sentenced him as a habitual offender to concurrent sentences of one year and six years' imprisonment, respectively, in the Arkansas Department of Correction. Donaldson's sole point on appeal challenges the sufficiency of the evidence. We affirm.

At Donaldson's August 12, 2015 trial, the State called several witnesses to testify about the encounter between Donaldson and his wife, Ruby, on March 12, 2015. Witnesses observed Donaldson using a metal tire tool to break out the window of his wife's car in the parking lot outside of H&R Block, where she worked. Another witness testified that he saw Donaldson get out of his Ford truck, walk over to Ruby, and strike her in the face— knocking the glasses off her head. Four of Ruby's co-workers testified that, when she came

back into the office shortly thereafter, she was crying and had a handprint on the side of her face where her husband had hit her.

Ruby Donaldson's boss, Amanda Nall, testified that Donaldson called Ruby; Nall could hear him making threats and cursing over the speakerphone. Donaldson then drove back to the parking lot and parked right next to the front door. The H&R Block employees had locked the door, and Donaldson stood outside the door threatening to ram his truck into the building and to kill all of them. When the police arrived, Nall observed Donaldson drive out of the parking lot with "squealing tires and going as fast as he could."

The State introduced evidence of the pursuit from the police dash-cam video, and it was admitted as State's Exhibit 3. The video showed that it was raining heavily as Donaldson fled and that the officer had to slow down to avoid hitting a car during the pursuit. Vehicles that had pulled over to the side of the road were also observed. Officers followed Donaldson in the rain at speeds ranging from 40 to 75 miles per hour before calling off the chase due to the dangerous conditions, including the speed which Donaldson was traveling, the rain, and the traffic on the road at the time.

After the State rested, defense counsel moved for a directed verdict on the third-degree domestic-battery charge, arguing that the State failed to prove beyond speculation and conjecture that Donaldson had any purpose to cause physical injury and that there was insufficient evidence to establish that there was actual physical injury. On the fleeing charge, Donaldson moved for a directed verdict, citing that the State failed to show that he knew of his imminent arrest or the imminent detention by law enforcement or that he was acting in a manner that would create a substantial risk or manifesting extreme indifference to the

value of human life.  The trial court denied the motions for directed verdict. The defense did not put on any evidence and rested.[1]

On appeal, Donaldson argues that there is insufficient evidence to find beyond a reasonable doubt that he operated his vehicle in a manner that created a substantial danger of death or serious physical injury to another person, and therefore his conviction should be reversed and dismissed or, at a minimum, should be reduced to a misdemeanor fleeing offense.

When the sufficiency of the evidence is challenged in a criminal conviction, our court views the evidence in the light most favorable to the verdict and considers only the evidence supporting it. *Adkins v. State*, 371 Ark. 159, 264 S.W.3d 523 (2007). We will affirm if the finding of guilt is supported by substantial evidence. *Id*. Substantial evidence is evidence of such sufficient force and character that it will, with reasonable certainty, compel a conclusion one way or the other, without resorting to speculation or conjecture. *Fernandez v. State*, 2010 Ark. 148, 362 S.W.3d 905. Circumstantial evidence may constitute substantial evidence to support a conviction. *Thornton v. State*, 2014 Ark. 157, at 5, 433 S.W.3d 216, 219. To be substantial, circumstantial evidence must exclude every other reasonable hypothesis than that of the guilt of the accused. *Id*. Such a determination is a question of

---

[1] Rule 33.1(a) of the Arkansas Rules of Criminal Procedure provides that in a jury trial, if a motion for directed verdict is to be made, it shall be made at the close of the evidence offered by the prosecution and at the close of all the evidence. Ark. R. Crim. P. 33.1(a). However, renewal of a directed-verdict motion is not required to preserve a sufficiency challenge on appeal when the defense rests without presenting any evidence. *Patton v. State*, 2010 Ark. App. 453.

fact for the trier of fact, who is free to believe all or part of any witness's testimony and who may resolve issues of conflicting testimony and inconsistent evidence. *Id*.

Arkansas Code Annotated section 5-54-125(d)(2) (Supp. 2015) provides as follows:

(2) Fleeing by means of any vehicle or conveyance is considered a Class D felony if, under circumstances manifesting extreme indifference to the value of human life, a person purposely operates the vehicle or conveyance in such a manner that creates a substantial danger of death or serious physical injury to another person.

Donaldson argues that the State failed to show that he operated a vehicle in a manner that created a substantial danger of death or serious physical injury to another person, and therefore his conviction cannot be sustained. In support of his argument, Donaldson cites cases in which Arkansas appellate courts have upheld Class D felony fleeing convictions and contends that his conduct pales in comparison to the facts in those cases. He argues that there was no testimony that he ever ran stop signs or lights, and notes that each of the affirmed cases he cites from the appellate courts in Arkansas have involved running stoplights and/or stop signs in addition to erratic driving. However, as this court has held before, there is not an exhaustive list of examples of conduct that constitutes purposely driving in a manner that creates a substantial danger of death or serious physical injury. *See Medley v. State*, 2016 Ark. App. 79, at 3.

Viewed in the light most favorable to the State, we hold there is substantial evidence to support Donaldson's conviction for Class D felony vehicular fleeing. The road conditions were dangerous due to the heavy rain. Donaldson traveled at such a high rate of speed that officers had to eventually call off the pursuit because it was so unsafe. Several cars had to pull over to avoid being hit. This evidence supported the jury's determination that

Donaldson purposely operated his vehicle in a manner that created a substantial danger of death or serious physical injury to others.

Donaldson's second argument on appeal is that his conviction for domestic battery in the third degree cannot be sustained because the State failed to prove beyond a reasonable doubt that he had struck his wife or that he had caused the mark on her face. A person commits the Class A misdemeanor crime of third-degree domestic battering if "[w]ith the purpose of causing physical injury to a family or household member, the person causes physical injury to a family or household member[.]" Ark. Code Ann. § 5-26-305(a)(2) (Repl. 2013).

Donaldson avers that Ruby Donaldson testified on behalf of the State and denied that her husband had hit her. Furthermore, Donaldson asserts that only one of the State's witnesses claimed to have witnessed him hit his wife, and that witness did not testify that the strike caused injury. The matters emphasized and argued by Donaldson bear exclusively on the credibility of the State's witnesses. However, it is not the role of appellate courts to assess the credibility of witnesses. We have long held that it is within the province of the trier of fact, and we are bound by the fact-finder's determination on the credibility of witnesses. Likewise, it is axiomatic that the trier of fact is free to believe all or part of a witness's testimony. *E.g.*, *Burley v. State*, 348 Ark. 422, 430, 73 S.W.3d 600, 605 (2002). Moreover, inconsistent testimony does not render proof insufficient as a matter of law, and one eyewitness's testimony is sufficient to sustain a conviction. *See Williams v. State*, 338 Ark. 178, 992 S.W.2d 89 (1999); *Rawls v. State*, 327 Ark. 34, 937 S.W.2d 637 (1997).

Here, Ruby Donaldson's coworkers identified the photographs of the marks they

saw on her face just after her husband had hit her, and Donaldson fled the scene when the police arrived. Substantial evidence supports Donaldson's conviction for domestic battery in the third degree. Given the totality of the evidence submitted at trial, and taking that evidence in the light most favorable to the State as we must do, there was sufficient evidence to support the jury's verdict. Accordingly, we affirm.

Affirmed.

VIRDEN and GRUBER, JJ., agree.

*James Law Firm*, by: *William O. "Bill" James, Jr.*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Rebecca Kane*, Ass't Att'y Gen., for appellee.