ROBERT J. GLADWIN, Judge
Yuniesky Hernandez-Diaz was convicted on July 2, 2018, in the Prairie County Circuit Court of fleeing and possessing a controlled substance with the purpose to deliver. He argues that there was insufficient evidence to support the fleeing conviction and that his case must be remanded for correction of clerical errors in the sentencing order. The State opposes his sufficiency argument but concedes that the errors in the sentencing order should be corrected. We affirm and remand to correct clerical errors in the sentencing order.
*759 I. Facts
Hernandez-Diaz was charged by criminal information with possessing more than twenty-five pounds of marijuana and felony fleeing. At his trial, William Basore, a K9 police officer with the Hazen Police Department, testified that he had been patrolling the interstate on December 21, 2016, when he observed Hernandez-Diaz's vehicle cross the fog line. Basore activated his lights and siren, but Hernandez-Diaz increased his speed to 115 miles an hour and did not stop. Basore called for backup, and he testified that Hernandez-Diaz continued "on the south side or the shoulder of the interstate to pass cars going that way. When he couldn't get over to the south side, he would continuously pass cars using both shoulders." The chase continued for about twenty-two miles. The Arkansas State Police were contacted, and officers deployed spike strips as Hernandez-Diaz approached, and he hit the strips, deflating his front tires. Hernandez-Diaz continued for another two miles before veering off the roadway and crashing in the woods. He jumped out of his vehicle on the passenger side and ran into the woods, leaving behind a black bag filled with what later was discovered to be baggies of marijuana. After Basore's police dog helped to follow and apprehend him, Hernandez-Diaz complied with the officers, and he was taken to jail. Officers then searched his vehicle, finding several large bags of marijuana in the backseat.
Conley Busselle, an investigator for the Central Arkansas Drug Task Force, testified that he assisted the Hazen police and retrieved the marijuana for processing. He photographed it, weighed it, placed it in boxes, and took it to the Arkansas State Crime Lab for analysis. He said that the marijuana in its packaging weighed 27.4 pounds and that he had weighed each bag separately. The packaging was vacuum-sealed freezer bags. Dan Hedges, a forensic scientist for the Arkansas State Crime Lab, testified that the evidence tested positive for marijuana. He said that he had weighed the bags labeled 1 through 14 of the twenty-six bags of evidence and that an approximate weight for the entirety of the marijuana was 23.97 pounds.
Hernandez-Diaz moved for a directed verdict at the close of the State's evidence, arguing that insufficient evidence was presented by the State to prove possession of a controlled substance in excess of twenty-five pounds and that all the elements of fleeing had not been met because the officers' testimony did not establish that anyone was put at risk. The trial court denied the motion.
II. Sentencing Order
The jury found Hernandez-Diaz guilty of fleeing by means of a vehicle under certain circumstances manifesting extreme indifference to the value of human life, purposely operating the vehicle in a manner that created a substantial danger of death or serious physical injury. Further, the jury found him guilty of possessing less than twenty-five pounds of marijuana with the intent to deliver. However, the sentencing order reflects that he was convicted of possessing more than twenty-five pounds of marijuana and fleeing on foot rather than by vehicle. This appeal timely followed.
III. Standard of Review
Arkansas law treats motions for directed verdict as challenges to the sufficiency of the evidence. Holloway v. State , 2011 Ark. App. 52. When the sufficiency of the evidence is challenged in a criminal conviction, our court views the evidence in the light most favorable to the verdict and considers only the evidence supporting it.
*760 Adkins v. State , 371 Ark. 159, 264 S.W.3d 523 (2007). We will affirm if the finding of guilt is supported by substantial evidence. Id. Substantial evidence is evidence of such sufficient force and character that it will, with reasonable certainty, compel a conclusion one way or the other, without resorting to speculation or conjecture. Fernandez v. State , 2010 Ark. 148, 362 S.W.3d 905.
IV. Fleeing Conviction
Hernandez-Diaz argues that there was insufficient evidence to support his fleeing conviction. Arkansas Code Annotated section 5-54-125(d)(2) (Supp. 2017) provides:
Fleeing by means of any vehicle or conveyance is considered a Class D felony if, under circumstances manifesting extreme indifference to the value of human life, a person purposely operates the vehicle or conveyance in such a manner that creates a substantial danger of death or serious physical injury to another person.
Hernandez-Diaz contends that there was insufficient proof that he had purposely operated his vehicle in a manner that created a substantial danger of death or serious physical injury to another person. He also claims that there was insufficient evidence of circumstances manifesting his extreme indifference to the value of human life.
He claims that Officer Basore did not call off the pursuit because Basore did not believe the situation merited such. See Donaldson v. State , 2016 Ark. App. 391, 500 S.W.3d 768. He also points to the testimony that the weather was clear and the road was not wet. He argues that there was no evidence that his manner of driving caused any serious physical injury or that he was involved in a crash with another vehicle. He claims that no one was forced off the road and that there was no evidence of a narrowly escaped collision. See Pierce v. State , 79 Ark. App. 263, 86 S.W.3d 1 (2002) ; Weeks v. State , 64 Ark. App. 1, 977 S.W.2d 241 (1998). Accordingly, he asserts that there was insufficient evidence that he operated his car in such a way as to create a substantial danger of death or serious physical injury to another or under circumstances manifesting an extreme indifference to the value of human life.
The State argues that, viewed in the light most favorable to the verdict, the testimony of Officer Basore provided substantial evidence that Hernandez-Diaz operated a vehicle in such a manner as to create a substantial danger of death or serious physical injury to others. Hernandez-Diaz failed to yield and was pursued for twenty-four miles during hours of darkness. He traveled at speeds approaching 115 miles an hour and repeatedly drove on both the north and south shoulders of the interstate in order to pass other cars occupying the eastbound lanes of traffic. Finally, after running over spike strips, he drove on deflated tires for another two miles before crashing into the woods. Because there is "not an exhaustive list of examples of conduct that constitutes purposely driving in a manner that creates a substantial danger of death or serious physical injury," the jury could use its common sense to conclude that Hernandez-Diaz endangered others and manifested extreme indifference to human life. Donaldson , 2016 Ark. App. 391, at 4, 500 S.W.3d at 771.
Hernandez-Diaz counters that speed and distance are insufficient evidence of creating a substantial danger of death or serious physical injury. He contends that additional factors are necessary in cases involving the speed of a pursuit in relation to fleeing. He cites a Connecticut case involving reckless driving and reckless endangerment, *761 State v. Stevens , 37 Conn.Supp. 661, 433 A.2d 1022, 1023 (1981), which states, "While speed alone is insufficient to warrant conviction, it may be taken into consideration with other circumstances to show a reckless disregard of consequences." He contends that Medley v. State , 2016 Ark. App. 79, is an example of other factors that included fleeing through a busy intersection and through a busy gas-station parking lot; and in Barber v. State , 2010 Ark. App. 210, 374 S.W.3d 709, the fleeing defendant struck an SUV, causing it to flip. Finally, he argues that in Donaldson , supra , the defendant fled during heavy rain and dangerous conditions. He maintains that the State failed herein to adduce any additional evidence beyond the distance of the pursuit or his top speed during it. Thus, he argues that insufficient evidence supports his conviction.
We disagree and affirm. Fleeing for twenty-two miles at speeds of 115 miles an hour; passing cars on the shoulder of the interstate; stopping only because the Arkansas State Police have placed spike strips over the interstate; fleeing for two more miles on deflated tires; crashing to a stop off the road; and running away from police into the woods is substantial evidence supporting the fleeing conviction.
V. Sentencing Order Errors
The trial court is free to correct a clerical error to have the judgment speak the truth. Carter v. State , 2019 Ark. App. 57, 568 S.W.3d 788 ; Jefferson v. State , 2017 Ark. App. 536, 532 S.W.3d 593. This court remands to the trial court for correction of a sentencing order in cases where clerical errors occur. See Carter , supra ; David v. State , 2019 Ark. App. 74 ; Norman v. State , 2018 Ark. App. 194, 545 S.W.3d 249 ; Cox v. State , 2014 Ark. App. 321.
Hernandez-Diaz contends that this case should be remanded for the sentencing order to be corrected. The State agrees. At trial, the jury found that Hernandez-Diaz possessed between four ounces and twenty-five pounds of marijuana in violation of Arkansas Code Annotated section 5-64-436(b)(3) (Repl. 2016), a Class C felony. However, the sentencing order incorrectly reflects the jury's determination, stating that he was convicted of violating section 5-64-436(b)(4) (possession of twenty-five to one hundred pounds of marijuana), a Class B felony. Further, the sentencing order incorrectly states that Hernandez-Diaz was convicted of fleeing in violation of Arkansas Code Annotated section 5-54-125(c)(3) (fleeing on foot), rather than the correct subsection, which is (d)(2) (fleeing by means of a vehicle). Accordingly, we remand for the trial court to correct the sentencing order to reflect Hernandez-Diaz's convictions under Arkansas Code Annotated sections 5-64-436(b)(3), a Class C felony, and 5-54-125(d)(2).
Affirmed and remanded to correct the sentencing order.
Switzer and Hixson, JJ., agree.