Cite as 2024 Ark. App. 544

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CR-24-18

| | |
|---|---|
| TYLER CRIDER<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | Opinion Delivered November 6, 2024<br><br>APPEAL FROM THE POLK COUNTY CIRCUIT COURT<br>[NO. 57CR-22-114]<br><br>HONORABLE ANDY RINER, JUDGE<br><br>AFFIRMED |

## N. MARK KLAPPENBACH, Judge

Appellant Tyler Crider appeals his convictions for one count of rape and two counts of second-degree sexual assault involving his two daughters, MC1 (born in 2010) and MC2 (born in 2008). Crider was given consecutive prison sentences of thirty-five years for rape and twelve years for each count of sexual assault. On appeal, Crider challenges the sufficiency of the evidence to support his convictions by arguing that the victims were not credible witnesses. We affirm.

As applicable in this case, a person commits rape if he engages in sexual intercourse or deviate sexual activity with another person who is less than fourteen years of age. Ark. Code Ann. § 5-14-103(a)(3)(A) (Supp. 2023). "Sexual intercourse" means penetration, however slight, of the labia majora or anus by a penis. Ark. Code Ann. § 5-14-101(13) (Supp. 2023). The definition of "deviate sexual activity" includes any act of sexual gratification

involving the penetration, however slight, of the labia majora or anus of a person by the penis of another person or the penetration, however slight, of the anus or labia majora of a person by any body member of or foreign instrument manipulated by another person. Ark. Code Ann. § 5-14-101(1). Second-degree sexual assault is committed when a person who is eighteen years of age or older engages in sexual contact with another person who is less than fourteen years old and not the person's spouse. Ark. Code Ann. § 5-14-125(a)(3) (Supp. 2023). Sexual contact is defined as any act of sexual gratification involving the touching, directly or through clothing, of the sex organs, buttocks, or anus of a person or the breast of a female. Ark. Code Ann. § 5-14-101(10). In the case of rape and sexual assault, the victim's testimony need not be corroborated, and the victim's testimony alone describing the acts can constitute sufficient evidence to sustain a conviction. *See Roberts v. State*, 2024 Ark. App. 143, 686 S.W.3d 69. The time a crime is alleged to have occurred is not of critical significance; this is particularly true in cases of sex crimes against children. *Pate v. State*, 2024 Ark. App. 374, 690 S.W.3d 884.

A motion for directed verdict at a jury trial is considered a challenge to the sufficiency of the evidence. *Roberts*, *supra*. When reviewing a challenge to the sufficiency of the evidence, we must assess the evidence in the light most favorable to the State and consider only the evidence that supports the verdict. *Id.* We affirm a conviction if there is substantial evidence, either direct or circumstantial, to support the verdict. *Id.* Substantial evidence is evidence of sufficient force and character that it will, with reasonable certainty, compel a conclusion one way or the other without resorting to speculation and conjecture. *Id.* Witness credibility

2

is an issue for the fact-finder, which may believe all or part of any witness's testimony and may resolve questions of conflicting testimony and inconsistent evidence. *Id.* A jury is entitled to draw upon common sense and experience in reaching its verdict. *Id.*

With the standard of review and the applicable law in mind, we assess the evidence presented to the jury. Appellant was accused of raping and sexually assaulting MC1. A child-abuse hotline call started the investigation. A Mena school counselor spoke with MC1, a middle school student, after she divulged to her sixth-grade teacher that her stepmother had hurt her and her father had sexually abused her. At the time of trial, MC1 was thirteen years old. MC1 suffers from mobility and incontinence issues stemming from being struck by a vehicle as a small child. She explained that she lived with her father and his wife when she (MC1) was between the ages of seven and eleven. MC1 said that her father would come into the room where she and her brothers were sleeping, he would turn her over onto her stomach, and he would touch her on the outside and inside of her butt with his hand and his penis. She would be sore afterward. MC1 said this happened more than five times.

Appellant was accused of sexually assaulting MC2. MC2, born in 2008, was fifteen years old at the time of trial. She testified that when she was living with her mother and father in a trailer on her grandmother's property, her father would approach her when her mother was asleep, take part of her clothing off, and touch her on her butt and vagina with his hand using a "jabbing motion" that hurt her during and after he was done. MC2 said this happened between fifteen and twenty times at two different locations, seven times at the trailer and the other times at the house that appellant lived in after the trailer. She said that

in the house, she was on the couch when her father touched her on her vagina with his hand and penis. He would do this despite her resistance. She said sometimes her mother was there, and a couple times no one was there.

Appellant denied the girls' allegations and said that they made it up. He was admittedly not a very good father in the early years of his children's lives; MC2 was born when he was fifteen years old. However, he said he had become a very protective father. According to appellant, MC2 spent the night with him only one time, and he saw her just once or twice a week. He believed MC1 had made up the allegations because his wife, who had pleaded guilty to abusing two of the five children in the home, had been mean to MC1 and had taken her phone.

Appellant's wife testified that she took care of the children most of the time when they were with her and appellant because appellant worked all the time. She acknowledged having been overwhelmed by doing everything for the children, but she believed the girls were lying.

Appellant's attorney moved for directed verdict at the appropriate times, asserting that the girls' stories were not credible, that the number of people in the small living quarters made their stories implausible, that the girls had expanded their allegations at trial, and that their timelines were not believable. The circuit court denied the motions and the subsequent renewals of the motions. The jury found appellant guilty, and this appeal followed.

On appeal, appellant asserts that there was a lack of physical evidence, a delay in reporting these crimes, and credibility problems with MC1 and MC2. This is slightly

different than the motion made at trial, but in sum, it is an attack on the credibility of the victims. The uncorroborated testimony of the victim alone is sufficient to support a rape or sexual-assault conviction. *Strawhacker v. State*, 2022 Ark. 134, 645 S.W.3d 326. Witness credibility is an issue for the fact-finder, who is free to believe all or a portion of any witness's testimony and whose duty it is to resolve questions of conflicting testimony and inconsistent evidence. *Id.* The jury may accept or reject testimony as it sees fit. *Caple v. State*, 2020 Ark. 340, 609 S.W.3d 630; *Langlois v. State*, 2023 Ark. App. 263, 666 S.W.3d 884.

Appellant's attorney cross-examined the girls to test their veracity and challenge their versions of what happened. The jury obviously rejected appellant's denials and found that appellant had sexually assaulted MC1 at least once, had raped MC1 at least one time, and had sexually assaulted MC2 at least once. We have applied the proper standard of review to the evidence in this case, and we hold that the circuit court did not err when it denied the motions for directed verdict. There is substantial evidence to support appellant's convictions.

Affirmed.

THYER and WOOD, JJ., agree.

*Sharon Kiel*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Christopher R. Warthen*, Ass't Att'y Gen., for appellee.