Cite as 2025 Ark. App. 94

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CR-24-183

| | |
|---|---|
| KEN SHINO<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | Opinion Delivered February 19, 2025<br><br>APPEAL FROM THE GARLAND COUNTY CIRCUIT COURT<br>[NO. 26CR-22-157]<br><br>HONORABLE RALPH OHM, JUDGE<br><br>AFFIRMED |

### N. MARK KLAPPENBACH, Chief Judge

Appellant, Ken Shino, appeals his conviction of leaving the scene of an accident involving physical injury. Shino contends (1) that the circuit court abused its discretion by admitting a document into evidence but excluding the entirety of a witness's testimony related to that document, and (2) that his conviction is not supported by sufficient evidence. We affirm.

We first address the sufficiency of the evidence supporting Shino's conviction. Shino was accused of violating Arkansas Code Annotated section 27-53-101(b)(1) (Repl. 2022), which requires the driver "of a vehicle involved in an accident resulting in physical injury" to stop and remain at or near the scene of the accident. It is undisputed that a pedestrian, Devan Long, was struck and seriously injured by a vehicle on Central Avenue near the Arlington Hotel in Hot Springs. Shino argues that the State failed to prove it was his vehicle

instead of another vehicle that struck Long. Shino complains that there were no witnesses and no video evidence of the moment of impact and that the circumstantial evidence did not exclude other drivers as the perpetrator. We disagree with Shino.

When reviewing a challenge to the sufficiency of the evidence, we must assess the evidence in the light most favorable to the State and consider only the evidence that supports the verdict. *Crider v. State*, 2024 Ark. App. 544, 700 S.W.3d 799. We affirm a conviction if there is substantial evidence, either direct or circumstantial, to support the verdict. *Id.* This means evidence of sufficient force and character that it will, with reasonable certainty, compel a conclusion one way or the other without resorting to speculation and conjecture. *Id.* A jury is entitled to draw upon common sense and experience in reaching its verdict. *Id.*

The law makes no distinction between circumstantial and direct evidence when reviewing for sufficiency of the evidence. *Warren v. State*, 2024 Ark. App. 423, 698 S.W.3d 409. Circumstantial evidence may constitute substantial evidence to support a conviction if it excludes every other reasonable hypothesis other than the guilt of the accused. *Id.* Whether circumstantial evidence excludes every reasonable hypothesis consistent with innocence is a determination for the finder of fact; on review, we must determine whether the fact-finder had to resort to speculation and conjecture to reach its decision. *Id.*

Hot Springs police responded to a call shortly after 1:00 a.m. that a person had serious head and facial injuries and was found lying in Central Avenue. Debris on the street included what appeared to be pieces from the grill and headlight of a vehicle; the debris was

north of where Long was lying. The people on the scene did not witness Long being struck by a vehicle; they stopped after seeing Long in the street.

Videos from area traffic cameras showed the three-minute interval that included the moment Long was struck. One vehicle went south through the accident area. Then, the video shows a red Dodge truck (that had been parked at a local bar from approximately 8:15 p.m. until 1:00 a.m.) driven by a male (later identified as Shino) traveling north through the accident area. Magnolia tree branches obscured the actual impact. The truck stopped at a red light, and after the light turned green, the truck proceeded away from the accident. About that time, another vehicle traveled along Central Avenue, swerved, and stopped, and the driver turned on the SUV's hazard lights and backed the vehicle up to block traffic from striking Long again. Long's body was in the northbound lane. Other motorists stopped to render aid until an officer and ambulance arrived. An officer stated that none of the people there had seen the accident.

Long testified that he was walking home, near the local bar where Shino had been, going north on Central Avenue. He did not remember the actual impact.

Long's mother was provided still photos of the red truck with a front plate taken from the traffic videos. She looked around for a matching vehicle. About a month after the accident, she found a red truck with a front plate with Shino's name on it at the same local bar. She called the police. A detective noticed that the driver's-side headlight was clean and appeared new compared to the other older headlight; the front grill appeared to have been

repaired or replaced. A few weeks later, the police photographed Shino's red truck at his residence.

A vehicle-insurance document signed by Shino acknowledged that he drove his red Dodge truck and was involved in an accident on the same date that Long was struck and injured. The document, related to the civil case that Long filed against Shino, specifically disclaimed Shino's liability and denied that Shino caused the accident. The jury was also presented with several hard drives and a video DVD, still shots from the video, and police body-camera footage. Several detectives and officers testified in court.

The paralegal, who witnessed and notarized Shino's signature on the insurance document, said that Shino's attorney told Shino to sign it. This drew a hearsay objection from the State, which was sustained. However, the State did not ask the circuit court to instruct the jury to disregard the hearsay. The paralegal explained that the attorney had been ill, was taking a lot of medication, was getting radiation treatment, and was becoming very forgetful. She said that on the day Shino signed the document, the attorney was acting consistently with what she had just described.

Shino argues, as he did at trial in his directed-verdict motion, that the "entirely circumstantial" evidence did not exclude the reasonable hypothesis that other vehicles that came through before or after Shino might have struck Long. As stated, we view the evidence in the light most favorable to the State and consider only evidence that supports the verdict. Jurors do not and need not view each fact in isolation; rather, they may consider the evidence as a whole. *Cason v. State*, 2024 Ark. App. 396.

4

The jury had video evidence from between 1:01 and 1:04 a.m. to consider, as well as the debris left in the street, which was consistent with Shino's truck. The truck appeared to have been repaired on the driver's side. Long was lying in the street very close in time to when Shino's truck passed through the location where the video-camera views were blocked by magnolia branches. Shino had been driving north, and the debris was found north of Long's body. One of the two other vehicles in the area came through after Shino, swerved, and then stopped to protect Long's body from traffic. The on-scene officer's body camera recorded that he was working on "a hit and run" because people on the scene did not see Long get hit. Every other reasonable hypothesis must be excluded, but not every possible hypothesis. *Warren*, *supra*. We hold that the jury was not left to speculation and conjecture in reaching its verdict.

Shino's other argument on appeal attacks the circuit court's evidentiary rulings concerning the insurance document. First, Shino contends that the circuit court abused its discretion by permitting the document into evidence because it violates Arkansas Rule of Evidence 403. Second, Shino alleges the circuit court abused its discretion by not allowing the paralegal to testify to the full context surrounding Shino's signing of the insurance document, asserting that her testimony was not hearsay and was extremely probative in weighing the value of the document. We disagree that Shino has demonstrated an abuse of discretion.

Our appellate courts will not reverse a circuit court's decision regarding the admission of evidence absent a manifest abuse of discretion. *Beard v. State*, 2020 Ark. 62, 594 S.W.3d

29. An abuse of discretion is a high threshold that does not simply require error in the circuit court's decision but requires that the court acted improvidently, thoughtlessly, or without due consideration. *Id.* Moreover, an appellate court will not reverse a circuit court's evidentiary ruling absent a showing of prejudice. *Id.*

At trial, defense counsel objected to the entry of the document on the basis of attorney-client privilege. The circuit court ruled that it did not fall under that privilege and overruled the objection. That is not challenged on appeal. Nowhere did Shino's counsel cite Ark. R. Evid. 403 or ask the court to weigh probative value versus unfair prejudicial effect in admitting the document. Objections need not cite specific rules to be sufficient, but a specific objection and a ruling are necessary to preserve an issue for appeal. *See Peer v. State*, 2020 Ark. App. 181, 598 S.W.3d 59. This aspect of Shino's appellate argument is not preserved for appellate review, so we will not address it.

The other aspect of Shino's argument is that the circuit court abused its discretion when it would not allow the paralegal to fully explain the context surrounding the document's signing. Defense counsel wanted to show the attorney's state of mind when he advised Shino to sign the document (very ill and forgetful) and to show Shino's motivation for signing the document.

At trial, the State objected to allowing any hearsay, and Shino's attorney responded that his intent was not to bring out any conversations between the attorney and Shino. Nonetheless, defense counsel elicited a response from the paralegal that the attorney told Shino to sign the document and that the attorney had been ill and forgetful around that

time.  Even though the State objected to the paralegal's hearsay comment, which was sustained, the jury was never instructed to disregard the paralegal's hearsay statement.  Also, defense counsel elicited a response from the paralegal that Shino signed "as a result of the conversation between" Shino and the attorney.  Thus, Shino was able to elicit the response he wanted.  Shino, therefore, cannot demonstrate prejudice.

Furthermore, defense counsel told the circuit court that he wanted to proffer the paralegal's testimony about the attorney's mental and physical condition leading up to his death a year later and his behavior in and out of the office. The circuit court found that this additional testimony would not be relevant except as to what state of mind the attorney was in the day Shino came to the office. We agree with the circuit court's ruling, and Shino was permitted to have the paralegal describe his medical treatments and forgetfulness regarding the day Shino came to the office. We can discern no meaningful testimony that was excluded. Thus, Shino has failed to demonstrate prejudice resulting from the circuit court's ruling.

For the foregoing reasons, we affirm Shino's conviction.

Affirmed.

BARRETT and WOOD, JJ., agree.

*Rebekah J. Kennedy*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Walker K. Hawkins*, Ass't Att'y Gen., for appellee.