Cite as 2025 Ark. App. 317

# ARKANSAS COURT OF APPEALS
## DIVISION II
### No. CR-24-449

| | |
|---|---|
| JEROME LITTLE | Opinion Delivered May 21, 2025 |
| APPELLANT | |
| | APPEAL FROM THE CRAWFORD |
| | COUNTY CIRCUIT COURT |
| V. | [NO. 17CR-22-939] |
| STATE OF ARKANSAS | HONORABLE MARC MCCUNE, JUDGE |
| APPELLEE | |
| | AFFIRMED |

## CASEY R. TUCKER, Judge

On December 1, 2022, the State charged Jerome Little with aggravated assault on a family or household member, third-degree domestic battering, and three counts of second-degree endangering the welfare of a minor. Following a jury trial in Crawford County Circuit Court, Little was convicted of misdemeanor domestic battering in the third degree. Little appeals his conviction—his sole point on appeal being that the circuit court erred when it denied his motion for directed verdict. We disagree.

Little shares an infant daughter with Elsie Doshier, now Greenwood. On the morning of November 27, 2022, he went to Elsie's house and insisted that she allow him to take their six-month-old baby with him. When Elsie refused, Little hit her, knocked her over an ottoman, and carried her to the bathroom where he proceeded to put her in the bathtub, hitting her head against the tile in the process. He then choked her until she could not breathe, her vision

became blurry, and though she could hear Little talking, she could not understand what he was saying.

Little left Elsie in the bathtub and went to her bedroom to get the infant. Elsie recovered enough to call 911 and get to the bedroom to stop Little from taking the baby. She also called her then-boyfriend—now husband—Jason Greenwood. By the time Jason, Van Buren police officers, and paramedics arrived at Elsie's house, Little was gone. According to the testimony of the officers and paramedics, Elsie was visibly shaken and crying. She had bruises and abrasions on her face and neck and complained of pain all over, especially in her face and neck. She reported that Little was the one who had inflicted her injuries. When Little attacked Elsie, two of Elsie's other children, little girls aged two and four, were present and in the living room where the attack began. The baby was in a playpen in Elsie's bedroom.

Elsie was transported by ambulance to the hospital where she was seen in the emergency room. The emergency-room doctor who examined Elsie testified she had bruising on her neck and tenderness on the left clavicle and on the left side of her chest wall. Some of her injuries caused him concern because they were consistent with obstruction of her airway or injury to her vascular system or blood supply. The doctor saw no fractures. He did not think Elsie had any permanent or extreme injuries.

Little was charged in December 2022. In June 2023, Little went to Elsie's house with a prepared statement for her to copy onto her own paper and sign. With a few minor edits to make the statement feel like her own words, Elsie wrote:

> I, Elsie Louise Doshier, am wrighting [sic] this letter of my own free will. I would like to have any and all charges associated with myself on Nov 27th 2022 to be dismissed. These charges are to include but not limited to assault & the

2

welfare of my children The accusations were made under duress and fear for my safety and the safety of my children from Edward Doshier at no time was my life endangered or that of my children.

Little drove Elsie to his attorney's office where she signed this statement in front of a notary public.

At trial, Elsie testified that she wrote and signed this statement in part because she loves her baby; the baby loves her father, who is Little; and Little loves the baby. She also testified that she believed Little did not mean to do what he did. However, she testified, Little did commit the acts about which she had testified and inflict the injuries depicted in the photos.

At the close of the State's case, Little moved for a directed verdict. The court granted the motion as to the three counts of endangering the welfare of a minor. Little chose not to put on any evidence and renewed his motions, the remainder of which the court denied. The case went to the jury on the charges of aggravated assault on a family member and third-degree domestic battering. The jury was unable to reach a unanimous decision on the aggravated-assault charge; thus, the judge declared a mistrial on that charge. The jury returned a verdict of guilty on the charge of domestic battering and recommended a sentence of one year in the county jail and a fine of $2,500. The judge sentenced Little accordingly, and this appeal followed.

As is applicable in the present case, Arkansas Code Annotated section 5-26-305(a) (Repl. 2024) provides that a person commits domestic battery in the third degree if "[w]ith the purpose of causing physical injury to a family or household member, the person causes physical injury to a family or household member." "Family or household member" includes persons who have a child together, as in the present case. Ark. Code Ann. § 5-26-302(2)(G) (Repl. 2024). "Physical injury" includes impairment of a physical condition, infliction of substantial pain, or infliction

3

of bruising, swelling, or a visible mark associated with physical trauma. Ark. Code Ann. § 5-1-102(14) (Repl. 2024). "A person acts purposely with respect to his or her conduct or a result of his or her conduct when it is the person's conscious object to engage in conduct of that nature or to cause the result." Ark. Code. Ann. § 5-2-202(1) (Repl. 2024). On appeal, Little's only challenge is to the sufficiency of the evidence to support that he had the requisite intent to commit third-degree domestic battery.

A motion for a directed verdict is a challenge to the sufficiency of the evidence. When reviewing a challenge to the sufficiency of the evidence, we assess the evidence in the light most favorable to the State and consider only that evidence that supports the verdict. *Crider v. State*, 2024 Ark. App. 544, 700 S.W.3d 799. We affirm the conviction if it is supported by substantial evidence. *Id.* "Substantial evidence is evidence that is forceful enough to compel a conclusion beyond suspicion or conjecture." *Vaughan v. State*, 2018 Ark. App. 439, at 5, 555 S.W.3d 922, 925. It is not the role of the appellate court to assess the credibility of the witnesses, as that duty falls solely within the province of the trier of fact. *Donaldson v. State*, 2016 Ark. App 391, at 5, 500 S.W.3d 768, 771. "Likewise, it is axiomatic that the trier of fact is free to believe all or part of a witness's testimony." *Id.* With regard to proof of intent, this court has stated:

> [A] criminal defendant's intent can seldom be proven by direct evidence and must usually be inferred from the circumstances surrounding the crime. Because intent can seldom be proven by direct evidence, the jurors are allowed to draw upon their common knowledge and experience to infer it from the circumstances. And because of the obvious difficulty in ascertaining a defendant's intent, a presumption exists that a person intends the natural and probable consequences of his or her acts.

*Spight v. State*, 101 Ark. App. 400, 401–02, 278 S.W.3d 599, 600–01 (2008).

4

In the present case, Elsie testified that Little hit her; carried her into the bathroom where he forcefully put her in the bathtub, hitting the side of her head on the tile while doing so; choked her until she was unable to breathe and her vision became blurry; and hit her again. This was consistent with Elsie's call to 911, which the jury heard, and with what she told the police officer, whose body-camera video the jury watched. Elsie also testified regarding the photos of her injuries, which she averred were the result of Little's attack on her. The jurors were allowed to draw upon their common knowledge and experience to infer from these facts that it was Little's conscious object to engage in the conduct and cause the naturally resulting injuries that constitute third-degree domestic battery. Moreover, a presumption exists that a person intends the natural and probable consequences of his acts. *Spight*, *supra*.

Little urges this court to reverse because Elsie testified that she "believed he didn't mean to do it." However, Elsie's beliefs are not determinative of whether Little's conduct met the statutory elements of third-degree domestic battery. And, the jury was free to believe parts of Elsie's testimony and reject other parts. *Donaldson*, *supra*. The evidence supports the jury's conclusion that Little acted with the purpose of causing physical injury and achieved his goal. We affirm.

Affirmed.

KLAPPENBACH, C.J., and GLADWIN, J., agree.

*Knutson Law Firm*, by: *Gregg A. Knutson*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Michael Zangari*, Ass't Att'y Gen., for appellee.

5